(7 Misc. Rep. 272.)

GREENE v. LINTON.

(City Court of Brooklyn, General Term. February 26, 1894.)

NEGLIGENCE—DANGEROUS PREMISES.
   The owner of a vacant unfenced lot, on which children are accustomed to play, is not liable for the death of a child six years old, who was drowned in a cesspool on the lot.

Appeal from trial term.

Action by William H. O. Greene, as administrator, against Edward F. Linton, to recover for the death of plaintiff's intestate. From the judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

A. W. Tenney, for appellant.

Edward M. Grout, for respondent.

CLEMENT, C. J. The plaintiff's intestate, a child of the age of six years, was drowned, on September 19, 1891, by falling into a cesspool upon vacant lots owned by the defendant, at the corner of Atlantic avenue and Cleveland street, in this city. Children were in the habit of playing on said premises, which were not fenced; and, on the day stated, the deceased was sailing a toy boat on the pool, and fell in, and was drowned. There is no claim that the child was using the highway, or that the cesspool was adjoining the same.

The complaint was properly dismissed at the trial term. While one or two authorities may be found in other states in a certain sense upholding the contention of the appellant's counsel, the law in this state is well settled the other way. The case does not fall within the rule laid down in Beck v. Carter, 68 N. Y. 283, where it was held that an owner of land may be liable who makes an excavation so near the line of a highway that a traveler thereon falls in. In that case Judge Andrews says that an owner of land is not bound, at common law, to erect fences around his land, and that "the owner of land may also make an excavation on his own premises, and is not bound to fence it for the protection of persons not lawfully on the land."

The case of Murphy v. City of Brooklyn, 98 N. Y. 642, and 118 N. Y. 575, 23 N. E. 887, cannot be distinguished from the one before us. The plaintiff's intestate in that case, of the age of six years, was drowned in a hole 50 feet from the street. Judge Earl, on the first appeal, said:

"One who causes a dangerous excavation on his own land so near a highway that a traveler thereon, without any fault of his, falls therein, and is thus injured, may be liable for damages, and there are many cases to be found in the books where damages have been awarded on account of such negligence. Liability in such case is imposed, because slight deviations from the highway by a traveler are sometimes inevitable, and he should not carelessly be exposed to excavations so near the highway that he may accidentally fall therein. But this rule cannot apply to the case of an excavation at least fifty feet from the highway, into which no traveler thereon could, by any accident or mistake, be precipitated."

Judge Parker, on the second appeal, reiterates the doctrine laid down by Judge Earl. It would therefore appear that the liability or nonliability of an owner of property, under the circumstances in question, does not depend on the question whether the party injured is an adult or an infant six years of age. It is true that there was a fence along the highway in the Case of Murphy, consisting of crossbars. If there had been an open fence around the premises owned by the defendant, it would in no wise have prevented the deceased from visiting the cesspool where he was drowned. We held in a case where the plaintiff was also six years of age that the city was not bound to put up gates on a drawbridge, so that boys

could not climb over or creep under them. Maginnis v. City of Brooklyn, (City Ct. Brook.) 7 N. Y. Supp. 194; affirmed court of appeals, without opinion, 128 N. Y. 644, 27 N. E. 852. In Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673, the plaintiff was injured by a fall through a hole in a private bridge, which was used by the public for crossing to an island. This use of the bridge was made by the sufferance of the defendant. The court of appeals held that there was no liability, and cited many cases in point. If the plaintiff in that case had been a child, the result would have been the same, for the ground of the decision is that the defendant owed no duty to the public. See, also, Steiger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987. The case of Bransom's Adm'r v. Labrot, 81 Ky. 638, cited by the appellant, is, in our opinion, in conflict with the decisions of the court of appeals of this state, and cannot therefore be followed. A case, on the facts, almost exactly like the one now under consideration, arose in Pennsylvania. Gillespie v. McGowan, 100 St. 144. A child was playing in the outskirts of Philadelphia, on vacant lots, which were not fenced. There was a deep, uncovered well on the property, 80 feet from the road, and 300 feet from a paved street. The child fell in the well, and was drowned, and the supreme court held that there was no liability on the part of the owner of the lots.

For the reasons stated, the judgment appealed from must be affirmed, with costs.