FANNIE E. BOWMAN, ADMINISTRATRIX, v. CITY OF OMAHA.

FILED OCTOBER 5, 1899. No. 10,594.

Municipal Corporations: NEGLIGENCE: PONDS: DEATH OF CHILD. A municipal corporation is liable for the death of a child who was drowned in a pond of water situate in part on a public street and in part on abutting lots, when shown that the accumulation of water was occasioned by the negligence of the city in

filling in the street with earth, that no fence or barrier was erected, and that the child entered the pond from the street. *City of Omaha v. Richards*, 49 Nebr., 244, followed.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Silas Cobb*, for plaintiff in error.

*W. J. Connell* and *E. H. Scott, contra.*

NORVAL, J.

Fannie E. Bowman, as administratrix of the estate of Albert Bowman, deceased, recovered a judgment against the city of Omaha in the district court of Douglas county in the sum of $1,000, for negligently causing the death of her intestate. This judgment, on error proceeding brought to this court by the city, was reversed. See *City of Omaha v. Bowman*, 52 Nebr., 293. Subsequently the plaintiff filed an amended petition in the court below, to which a general demurrer was interposed by the city, sustained by the court, and the action dismissed. Error proceeding has been prosecuted by the plaintiff.

The sufficiency of the amended petition is the sole question presented. In the former opinion filed herein it was stated as a reason why plaintiff could not recover that it was not shown that her intestate went upon the pond in which he was drowned from Davenport street, and hence it could not be charged that the failure of the city to erect a barrier or fence between the street and the property abutting thereon on which the pond was located was the proximate cause of the boy's death. The amended pleading was doubtless framed to meet the objections to a recovery pointed out in the previous opinion, and we are constrained to hold that counsel for plaintiff in that regard has not been wholly unsuccessful. The amended petition alleges that "Albert D. Bowman came to his death through the negligence of the city of Omaha,

on the 15th day of June, 1892, by drowning in a pond of water, which negligence consisted in permitting the accumulation of said water, and in allowing said water to accumulate, and be and remain by the side of Davenport street, near Twenty-eighth street, within the limits of the city of Omaha, as well as to remain beside of an alley next south of Davenport street, and running parallel thereto, and upon lots 3, 4, and 5, block 3, Drake's Addition to the city of Omaha, all fronting upon said Davenport street; * * * that there was at said time no fence around said lots and no visible boundary line between them and Davenport street, said acts and conditions being the negligence complained of herein as well as the acts and conditions hereinafter named, said water being at the time of said death over public property of the city, to-wit, over part of the property set apart by said city for sidewalk purposes, and said water lying at said time in close proximity to said Davenport street at the place where said death occurred." The petition also charges that the pond was formed by the city negligently filling with earth Davenport street at a point where a ravine crossed it without leaving any outlet for the water; that there was no barrier or fence of any sort, or precaution of any kind taken, to protect children lawfully in that city against falling or going into said pond, which was attractive and enticing to children of tender age, many of whom were in the habit of playing in said pond, which was known to the officers and authorities of the city; that deceased was seven years of age, and while lawfully in vicinity of said pond with other children, yielded to the natural instinct of childhood, "went upon said pond immediately from said Davenport street, where said pond bordered and lay in close proximity to same," and while innocently engaged in playing in and upon said pond of water, on a section of the sidewalk which had been dislodged from its proper place and used as a raft, the child was drowned. These averments take the case out of the doctrine announced by this court on the former

hearing of the cause. The case as made before disclosed that there was a strip of ground at least six feet wide between the street and the pond of water, and that young Bowman did not enter the pond from the street. Now the case made by the plaintiff on paper shows that the water in the pond extended to, and over, the sidewalk, a portion of the street, and that plaintiff's intestate actually entered the pond from Davenport street. The case is governed by *City of Omaha v. Richards*, 49 Nebr., 244, 50 Nebr., 804. It is suggested by the city attorney that the last-named case, in effect, although not in express terms, was overruled by *City of Omaha v. Bowman*, 52 Nebr., 293. The court did not so intend. A clear distinction between the two cases exists, as was pointed out in *City of Omaha v. Bowman, supra*. The district court erred in sustaining the demurrer, and the judgment must be

REVERSED.