### ST. LOUIS & S. F. R. CO. v. UNDERWOOD.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1912.)

No. 2,291.

1. APPEAL AND ERROR (§ 928*)—REVIEW—INSTRUCTIONS—PRESUMPTION.

   It will be presumed that a case was submitted to the jury on proper instructions, where the charge was not excepted to and it does not appear in the record.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. § 928.*]

2. NEGLIGENCE (§ 39*)—PLACE ATTRACTIVE TO CHILDREN—LUMBER PILE.

   The piling of lumber in an exposed situation and easily accessible to children of tender years constitutes actionable negligence.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 55; Dec. Dig. § 39.*]

3. NEGLIGENCE (§ 95*)—IMPUTATION OF NEGLIGENCE OF PARENT TO CHILD.

   The negligence of a parent is not imputable to a child in an action brought in the child's behalf.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 151–156; Dec. Dig. § 95.*

   Negligence imputed to infant, see note to Chicago G. W. Ry. Co. v. Kowalski, 34 C. C. A. 4.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

Action at law by Mary M. Underwood against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The material allegations of the plaintiff's declaration appear in the following statement of the case as prepared by counsel for the railroad company:

"Defendant in error recovered judgment against plaintiff in error on December 7, 1910, in the Circuit Court of the United States for the Northern District of Mississippi, in the sum of $2,500, on account of personal injuries sustained on September 19, 1907, while getting over a pile of lumber of plaintiff in error on its premises at Holly Springs, Miss. The negligence specified in the declaration is that plaintiff in error [hereinafter referred to as "defendant"] and its agents and employés stacked, near the residence of defendant in error [hereinafter referred to as "plaintiff"] 49 heavy pieces of oak timber, 4x10 inches by 16 feet, and that defendant and its agents and employés, in using said lumber, 'negligently, carelessly, and recklessly allowed said tiers to become loose and unsafe, and negligently, recklessly, and carelessly permitted said stack of timber aforesaid to become dangerous, unsafe, and liable to topple and fall at any time; that said defendant and its agents and employés negligently and carelessly allowed said large lot of lumber, stacked and piled in a public place, to become unsafe and dangerous, and negligently, carelessly, and recklessly used pieces from said stack of lumber in a dangerous and unsafe manner, thereby permitting said stack to become dangerous and unsafe and likely to topple and fall.' The declaration further charges that plaintiff, six years of age, and other children, were accustomed to play on said pile of lumber, and that on the 19th day of September, 1907, while plaintiff was so playing around said lumber, the same fell upon her, breaking both of her legs and permanently injuring her, and that defendant and its agents and employés knew that the pile of lumber was calculated to attract and entice children of a tender age to play thereon. Defendant's plea was, 'Not guilty,' and the pleas of the negligence of plaintiff's father, defendant's section foreman in charge of the pile of lumber, and the negligence of plaintiff's father and mother in allowing their daughter to play on the lumber in question. A further plea was the negligence of plaintiff in trying to cross and slide from the pile of lumber in a negligent and careless manner."

The cause was submitted to the jury under appropriate instructions, and a verdict was rendered in favor of the plaintiff. Judgment was duly entered upon the verdict, to reverse which the defendant prosecutes error.

W. F. Evans, E. T. Miller, J. W. Buchanan, Wm. C. Dufour, and H. Generes Dufour, for plaintiff in error.

Binford Watkins, James Stone, and T. B. Watkins, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). [1] The issues of the case were submitted to the jury, and it must be presumed upon proper instructions, since the charge was not excepted to and it does not appear in the record.

[2] Examination of the testimony makes it evident that the material allegations of the declaration are supported by the proof. That the

conduct of the defendant, in placing the lumber in an exposed situation and easily accessible to children of tender years, constitutes actionable negligence, plainly appears by reference to the following authorities: Union Pacific Railway Company v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434; Spengler v. Williams, 67 Miss. 1, 6 South. 613; City of Vicksburg v. McLain, 67 Miss. 4, 6 South. 774; Mackey v. City of Vicksburg, 64 Miss. 777, 2 South. 178; Temple v. McComb City Electric Light & Power Company, 89 Miss. 1, 42 South. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698, 10 Ann. Cas. 924. In the McDonald Case, 152 U. S. at page 277, 14 Sup. Ct. at page 625, 38 L. Ed. 434, Mr. Justice Harlan quotes the following language used by Chief Justice Cooley in Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154.

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

[3] But it is insisted by counsel that if the father, who had charge of the lumber as section foreman of the defendant, was negligent, either in failing to keep the pile of lumber in a safe condition, or in permitting the child to play on it, that his negligence was imputable to the child. It should be borne in mind that this suit is brought, not for the benefit of the parents, but in behalf of the child, for injuries by her sustained. In such case the better rule, which is supported by the decided weight of authority, is that the negligence of the parents should not be imputed to the child. 1 Thompson's Com. Law. Neg. §§ 292, 293, 294; Westbrook v. Railroad Company, 66 Miss. 560, 6 South. 321, 14 Am. St. Rep. 587; Railway Company v. Hirsch, 69 Miss. 126, 13 South. 244.

The admission of the testimony objected to by the defendant was not prejudicial error. The moderate amount of the verdict rebuts any presumption of prejudice on the part of the jury.

Finally, it is objected that the court erred in permitting the witness Keel to testify that the pile of lumber was dangerous to children playing on it. We perceive no error in admitting the testimony. The question was one of fact, about which any one of ordinary intelligence might have testified. Besides, the evidence was merely cumulative, since the witness Wells had testified without objection to the same fact.

We find no reversible error in the record, and the judgment is therefore affirmed.