### CHESKO et al. v. DELAWARE & HUDSON CO.

(Circuit Court of Appeals, Third Circuit. December 4, 1914.)

### No. 1843.

1. NEGLIGENCE (§ 33*)—INJURIES TO CHILDREN—DANGEROUS PREMISES.

Where plaintiff, a boy of six, wandered from the street through an open door and into defendant's machine shop, and was there accidentally injured, he was too young to be a trespasser.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 45–47; Dec. Dig. § 33.*]

2. NEGLIGENCE (§ 25*)—INJURIES TO CHILDREN—DANGEROUS PREMISES—DUTY TO GUARD.

Where defendant railroad company maintained a machine shop on a lot six feet back from a much-traveled street in the city, and the moving machinery was visible from the sidewalk through a wide double door, which was kept open in summer, and such machinery was attractive to children passing the shop, defendant was under a common-law duty to so guard the premises that children should not approach the machinery and be injured.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 35–38; Dec. Dig. § 25.*]

3. COURTS (§ 365*)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

Where there is no uniform and settled line of decisions of a state court as to the duty of the owner of a dangerous, attractive, and accessible workshop towards a child wandering into it, a federal court has the duty of deciding independently what the common law is.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by Alvin Chesko, by his father and next friend, Thomas Chesko, and by Thomas Chesko, in his own right, against the Delaware & Hudson Company. From a judgment for plaintiffs, defendant brings error. Affirmed.

Welles & Torrey, of Scranton, Pa., for plaintiff in error.

Joseph O'Brien, John P. Kelly, William J. Fitzgerald, and James F. Bell, all of Scranton, Pa., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BUFFINGTON, Circuit Judge. This suit was brought by Thomas Chesko, in his own right, and as the father and next friend of Alvin Chesko, a minor, citizens of Pennsylvania, against the Delaware & Hudson Company, a corporate citizen of New York. It was for damages suffered by said minor coming in contact with the revolving cogwheels of a machine in the machine shop of defendant. At the trial the court denied defendant's request for binding instructions. The jury found verdicts for the plaintiff in his own right and in right of the boy. Judgment being entered thereon, defendant sued out this writ.

The question here involved, as stated by the defendant, is:

"Does defendant, under the facts in this case, owning and operating a machine shop located on a much-traveled thoroughfare, owe any duty to protect an infant, trespassing upon the property, by reason of the operation of dangerous machinery?"

The evidence tended to show that the defendant had a machine shop located about six feet back from a much-traveled street in the city of Scranton. Its moving machinery was visible from the sidewalk through a wide double door. This door was kept open during warm weather, and there was no guard, rail, or screen to prevent the entry of children. The proofs showed that at different times preceding the accident children were permitted to enter through this open door. On the day of the accident plaintiff's son, six years old, Alvin, entered this open door in company with an older lad, and while watching the men at work Alvin's hand was caught by an unguarded revolving cogwheel and injured.

The pleadings alleged it was—

"the duty of the defendant to maintain said machinery so that it might not attract to the same children who might be lawfully passing along said street; to refrain from inviting, permitting, allowing, or suffering children as aforesaid to come at or near said machinery; to maintain said machinery in such condition that it might not injure any person who might be lawfully near the same, and to properly guard said machinery; and to guard the gates, doorways, and entrances to said machine shop, where said dangerous machinery was, in order that children of tender years, like said plaintiff, Alvin Chesko, could not get near, about, upon, and around said machinery."

It will thus be seen that the legal question involved in this case is whether, under the situation here disclosed, it was the duty of the defendant—

"to guard the gates, doorways, and entrances to said machine shop, where said dangerous machinery was, in order that children of tender years * * * could not get near, about, upon, and around said machinery."

In that respect the court below charged:

"It is but to be expected that a place such as that of the defendant would prove interesting and attractive to children, and, taking into consideration the location and exposure, I will ask you to determine whether the defendant used and exercised such judgment and care under the circumstances as a person of ordinary prudence would use in warding off children and guarding them against the danger that the allurement of the place might offer."

The verdict settled those questions against the defendant. Was the court in error in refusing defendant's point that:

"Under all the evidence in this case, the plaintiff, Alvin Chesko, was a trespasser upon defendant's property, and, there being no evidence that the defendant intentionally or wantonly injured him, your verdict must be for the defendant."

[1] As the injured lad was but six years old at the time, we may say, as we did in Snare & Triest Co. v. Friedman, 169 Fed. 1, 8, 94 C. C. A. 369, 376 (40 L. R. A. [N. S.] 367);

"In the case before us it is not necessary to consider at what age an infant may be of such discretion as to be responsible in a case like the present for contributory negligence, or for conduct which, in case of sufficient discretion, would make him or her a trespasser. Fannie Friedman, the plaintiff, at the time of the accident, was only 4½ years old, and there can be no question that, in the eyes of the law, by reason of her age, she lacked that discretion which would make her responsible for her conduct. She was legally incapable of contributory negligence, or of being a trespasser."

[2] The boy's age being such as precluded him being regarded as a trespasser, what was the duty of the defendant to him? This, as said in Snare & Triest Co. v. Friedman, supra, is—

"not a question of statute law, or of title to land, or of merely local law or custom, but belongs to that domain of jurisprudence * * * which prevails generally in all states and countries where the common law is recognized, and is so often referred to in the decisions of the Supreme Court."

In view of the common-law duty, as declared by the Supreme Court of the United States in Railroad Co. v. Stout, 84 U. S. (17 Wall.) 657, 21 L. Ed. 745, and Union Pacific R. R. Co. v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434, the court below committed no error in holding the defendant owed a duty to guard the little boy against the attractive dangers the place presented to his childish interest and curiosity. It is said, however, such view is in conflict with the decisions of the Supreme Court of Pennsylvania on that question. As clearly pointed out by Judge Gray, speaking for this court in Snare v. Friedman, supra, where the same contention was made in reference to the decisions on this question by the Court of Errors and Appeals of New Jersey:

The court below "was not bound by the decision of the state court in such a case, although judicial comity might require it to bow to a line of decisions so uniform and well settled, and extending through so long a time, as to establish a rule of conduct which 'it would be wrong to disturb.'"

We are referred to the case of Thompson v. B. & O. R. R. Co., 218 Pa. 444, 451, 67 Atl. 768, 770 (19 L. R. A. [N. S.] 1162, 120 Am. St. Rep. 897, 11 Ann. Cas. 894), where the Supreme Court of Pennsylvania, in 1907, said:

"The doctrine (referring to Railroad Co. v. Stout, 84 U. S. [17 Wall.] 657 [21 L. Ed. 745]) is a sweeping innovation on the settled common-law rule that a landowner is not liable for the condition of his premises to one who enters them without permission. We are of opinion that it is not sound in principle and that it cannot be sustained."

[3] Without entering upon a discussion of the Pennsylvania decisions, and restricting ourselves to referring to the prior decisions of that court, all of which will be found cited at length in the dissenting opinion in the Thompson Case, and having in view the subsequent deci-

sions of that court in Henderson v. Continental Co., 219 Pa. 387, 68 Atl. 968, 123 Am. St. Rep. 668, and Millum v. Lehigh Ry. Co., 225 Pa. 215, 73 Atl. 1106, it is clear to us that there is no such line of decisions of the Supreme Court of Pennsylvania, defining the duty of one situated as was this defendant toward a small child wandering into its machine shop, of so uniform, settled, and continuous a character as would be binding upon a federal trial court, or relieve it from the duty of itself independently deciding what the common law was. In that respect the trial judge in substance held that, when one places near a much-used street dangerous machinery calculated to attract children, he thereby subjects himself to the duty of protecting such children against the temptation he places before them, by suitably guarding the place of danger. To so hold is but to follow that maxim which is as old as the law itself, "Sic utere tuo ut alienum non lædas"—so use your own as not to injure another.

The judgment below is therefore affirmed.