## HARDY v. MISSOURI PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. May 17, 1920.)

No. 5385.

**1. Negligence ⟨⟩39—Owner of underground conduit not liable for death of child.**

Defendant, which with an adjoining owner constructed a concrete conduit 700 feet long covering a shallow stream, filling in above and leaving the ends open and into which, at a considerable distance from either end, it at times discharged waste steam and hot water from the boilers of its power plant, *held* not chargeable with negligence which rendered it liable for the death of a boy who, with others, undertook to walk through the conduit and was killed by a discharge of steam; it being shown that other boys had walked through three times during the preceding four years, but not that defendant had knowledge of it.

**2. Negligence ⟨⟩23 (1)—Attractive nuisance doctrine stated; "anticipation."**

"Anticipation," in the meaning of the doctrine which holds property owners liable for injury to children by dangerous instrumentalities on their premises, where such injury should be anticipated, means probability, and not possibility, and there must be a reasonable expectation of the presence of children at the time and place of danger before there arises a duty to guard them from that danger.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Anticipation.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Cora Hardy, administratrix, against the Missouri Pacific Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

E. L. McHaney and G. W. Murphy, both of Little Rock, Ark., for plaintiff in error.

E. B. Kinsworthy and W. R. Donham, both of Little Rock, Ark., for defendant in error.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. Error from directed verdict at the close of plaintiff's evidence in an action to recover for death through negligence. The point here pressed is the sufficiency of the evidence upon the issue of negligence. The deceased was a boy 12 years old. The facts pertinent to a determination of the issue here are as follows:

Defendant is a railway corporation owning and operating a station, power house, and railway yards at Little Rock, Ark. Prior to 1910 a perennial stream ran through a ravine, cutting the grounds of defendant near its depot, as well as adjoining property. About 1910 the predecessor of defendant and an adjoining property owner built a quadrangular concrete structure over the stream, filling in the spaces on each side and above, and leveling the new surface. The conduit thus formed was about 6 feet high and wide and about 700 feet long. The upper or south end of the conduit and something more than a city

block and the width of a street of its length therefrom were upon the land of the adjoining property owner, or under a street, while the remainder was on defendant's land, with the lower or northern opening near the depot. No obstruction, guards, or warnings were placed at either entrance or in the conduit, though bars could have been placed across the openings at slight expense. Through this conduit normally ran a stream of clear water several inches deep. At a point about where the conduit passed the power house were pipes connected with defendant's power house boilers, and through which waste steam and hot water were discharged at intervals into the conduit. Children played at and in the ends of the conduit at times, and several boys had gone partially through from the south opening to a manhole south of defendant's property, where they came out. In three instances boys had gone through the conduit. These instances being, one in 1913 or 1914, one in 1914 or 1915, and the other in 1916.

No actual knowledge of the playing of the children or passage through the conduit by any of them was brought home to defendant. On June 27, 1917, deceased, with two other boys, started at the south end to go through the conduit. When they reached a point at or near the pipe ends, hot water and steam issued, causing the death of this boy.

[1] The decisive issue here presented requires the application to the above facts of the so-called "attractive nuisance" doctrine as to liability for injury to children by dangerous agencies on private grounds to which they have been attracted. We are not here concerned with that class of cases dealing with dangerous agencies or conditions adjoining or near public ways or other private grounds, but with such as are well within private property. Nor are we interested in that other class wherein there is an intention to inflict injury, as in the trap or spring gun cases. No legal proposition has more thoroughly divided the courts of different jurisdictions than has the recognition or application of the doctrine here involved.

Among many fruitful discussions and collections of cases dealing generally with the doctrine are Wheeling & L. E. Railroad Co. v. Harvey, 77 Ohio St. 235, 83 N. E. 66, 19 L. R. A. (N. S.) 1136, 122 Am. St. Rep. 503, 11 Ann. Cas. 981; Thompson v. Railroad Co., 218 Pa. 444, 67 Atl. 768, 19 L. R. A. (N. S.) 1162, 120 Am. St. Rep. 897, 11 Ann. Cas. 894; 11 Harvard Law Rev. 349; notes in 4 L. R. A. (N. S.) 80. and 19 L. R. A. (N. S.) 1094. The following are cases involving injury from open water: United Zinc & Chemical Co. v. Britt, 264 Fed. 785, —— C. C. A. —— (recently decided by this court); McCabe v. Am. Woolen Co., 132 Fed. 1006, 65 C. C. A. 59; Cœur d'Alene L. Co. v. Thompson, 215 Fed. 8, 131 C. C. A. 316, L. R. A. 1915A, 731; Pekin v. McMahon, 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. Rep. 114; Hanna v. R. Co., 129 Ill. App. 134; Donk, etc., Co. v. Leavitt, 109 Ill. App. 385; Price v. Water Co., 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625; Kansas City v. Siese, 71 Kan. 283, 80 Pac. 626; Franks v. Oil Co., 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; Omaha v. Bowman, 52 Neb. 293, 72 N. W. 316, 40 L. R. A. 531, 66 Am. St. Rep. 506; Id., 59 Neb. 84, 80 N. W. 259; Tucker v. Draper, 62 Neb. 66, 86 N. W. 917, 54 L. R. A. 321; Richards v. Con-

nell, 45 Neb. 468, 63 N. W. 915; Moran v. Car Co., 134 Mo. 651, 36 S. W. 659, 33 L. R. A. 755, 56 Am. St. Rep. 543; Arnold v. St. Louis, 152 Mo. 173, 53 S. W. 900, 48 L. R. A. 291, 75 Am. St. Rep. 447; Carey v. Kansas City, 187 Mo. 715, 86 S. W. 438, 70 L. R. A. 69; Overholt v. Vieths, 93 Mo. 422, 6 S. W. 74, 3 Am. St. Rep. 557; Smith v. Packing Co., 82 Mo. App. 9; Peters v. Bowman, 115 Cal. 349, 47 Pac. 113, 598, 56 Am. St. Rep. 106; Cooper v. Overton, 102 Tenn. 222, 52 S. W. 183, 45 L. R. A. 591, 73 Am. St. Rep. 864; Sullivan v. Huidekoper, 27 App. D. C. 154, 5 L. R. A. (N. S.) 263, 7 Ann. Cas. 196; Schauf v. Paducah, 106 Ky. 228, 50 S. W. 42, 90 Am. St. Rep. 220; Stendal v. Boyd, 73 Minn. 53, 75 N. W. 735, 42 L. R. A. 288, 72 Am. St. Rep. 597; Greene v. Linton, 7 Misc. Rep. 272, 27 N. Y. Supp. 891; Klix v. Nieman, 68 Wis. 276, 32 N. W. 223, 60 Am. Rep. 854; Peninsular Trust Co. v. Grand Rapids, 131 Mich. 571, 92 N. W. 38; Clark v. Manchester, 62 N. H. 577; Ritz v. Wheeling, 45 W. Va. 267, 31 S. E. 993, 43 L. R. A. 148; Hargreaves v. Deacon, 25 Mich. 1; Selve v. Pilosi, 253 Pa. 571, 98 Atl. 723; Gillespie v. McGowan, 100 Pa. 144, 45 Am. Rep. 365; Breckenridge v. Bennett, 7 Kulp (Pa.) 95; Dobbins v. R. Co., 91 Tex. 63, 41 S. W. 63, 38 L. R. A. 573, 66 Am. St. Rep. 856; Cook v. H. D. Navigation Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; Marnock v. Simpson, 10 Del. Co. Rep. 119; Blum v. Weatherford & C. Bros., 121 La. 298, 46 South. 317; Indianapolis Water Co. v. Harold (Ind. App.) 79 N. E. 542; Id., 170 Ind. 170, 83 N. E. 993; Salladay v. Old Dominion, etc., Co., 12 Ariz. 124, 100 Pac. 441. Cases involving injury from hot water are: Briscoe v. Henderson L. & P. Co., 148 N. C. 396, 62 S. E. 600, 19 L. R. A. (N. S.) 1116; Etheredge v. Railroad Co., 122 Ga. 853, 50 S. E. 1003; Schmidt v. Distilling Co., 90 Mo. 284, 1 S. W. 865, 2 S. W. 417, 59 Am. Rep. 16; Putney v. Kieth, 98 Ill. App. 285; Brinkley Car Works & Mfg. Co. v. Cooper, 60 Ark. 545, 31 S. W. 154, 46 Am. St. Rep. 216; Id., 70 Ark. 331, 67 S. W. 752, 57 L. R. A. 724. Cases of injury by discharge of hot water or steam are Mergenthaler v. Kirby, 79 Md. 182, 28 Atl. 1065, 47 Am. St. Rep. 371, and Conway v. Kinston, 169 N. C. 577, 86 S. E. 524, L. R. A. 1916B, 945. A case of injury in an underground water conduit is Brown v. Salt Lake City, 33 Utah, 222, 93 Pac. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004.

The recognition of this doctrine in the federal courts was settled by Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, and Railroad v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434. This doctrine has been applied by the various federal Circuit Courts of Appeals in the cases following: McCabe v. American Woolen Co., 132 Fed. 1006, 65 C. C. A. 59 (affirming [C. C.] 124 Fed. 283); Shellaberger v. Fisher, 143 Fed. 937, 75 C. C. A. 9, 5 L. R. A. (N. S.) 250 (8th Cir.); Peirce v. Lyden, 157 Fed. 552, 85 C. C. A. 312; Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367; Saint Louis & San Francisco Railroad Co. v. Underwood, 194 Fed. 363, 114 C. C. A. 323; Northern Pacific Railroad Co. v. Curtz, 196 Fed. 367, 116 C. C. A. 403; Erie R. R. Co. v. Swiderski, 197 Fed. 521, 117 C. C. A. 17; Cœur d'Alene L. Co. v. Thompson, 215

Fed. 8, 131 C. C. A. 316, L. R. A. 1915A, 731; Chesko v. Del. & H. Co., 218 Fed. 804, 134 C. C. A. 492; Great Northern Ry. Co. v. Willard, 238 Fed. 714, 151 C. C. A. 564; United Zinc & Chemical Co. v. Britt, 264 Fed. 785, recently decided by this court. We are therefore concerned solely with the application of that doctrine to the facts in hand. Such application necessitates an understanding of that doctrine and a definition of its essentials. We take the principle of the doctrine to be that children of tender years and immature discretion are not to be deemed as trespassers, if they merely follow childish instincts of curiosity or adventure in a manner and to an extent which should have been anticipated by a reasonably careful person; and a property owner must use reasonable care to protect such children at places upon his property where he should reasonably have anticipated their presence. Such anticipation may be based upon knowledge, actual or legally implied, that children do resort to such places, or upon knowledge, actual or legally implied, that such places are attractive to children and within their observation.

The essentials of the doctrine we deem to be, first, that the owner negligently maintains an agency which he knows or should know would be dangerous to children; second, that such agency is maintained at a place where the owner knows or should know children are likely to resort or to which they are likely to be attracted. Our decision hinges upon the second requirement. The entire evidence has been carefully read and considered and every reasonable meaning and inference favorable to plaintiff in error (given) full weight. We think the trial court correctly determined that there was not sufficient evidence to sustain a verdict of negligence on the part of defendant. The danger here consisted of the hot water and steam. This danger was of occasional occurrence only, being every day or two, as pleaded in the petition, with no definite showing as to its frequency in evidence, except such as may be inferred from the circumstance that it seems to have been the waste steam and hot water from the power house. The radius of the danger was obviously limited in area and its duration temporary. It was limited to a place in the conduit several hundred feet from either opening and far from the opening through which this boy entered.

[2] Nothing approaching knowledge by defendant of any passage through the conduit of boys at any time was shown, and such knowledge cannot be inferred nor imputed from the three trips in the course of four years shown in the evidence. Such knowledge cannot be founded upon the circumstance that children played about the openings of the conduit. There is no limit, except physical ability, to what a child may do. The law does not require the property owner to guard against any such wide possibility of action. "Anticipation," in the meaning of this doctrine, means probability, not possibility. There must be a reasonable expectation of the presence of children at the time and place of danger before there arises a duty to guard them from that danger. In our judgment, the proof here falls short of this standard.

The judgment must be and is affirmed.