### PUBLIC SERVICE RY. CO. v. WURSTHORN et al.

(Circuit Court of Appeals, Third Circuit. January 30, 1922.)

No. 2716.

1. Negligence ⊕⇒32(1)—Care required of landowner under common law of New Jersey.

While, under the common law of New Jersey, as settled by its courts, a landowner is not liable for negligence causing injury to a trespasser, that rule does not extend to the case of a licensee, or of one who is upon the land by implied invitation.

**2. Evidence ⬤⟳28—Federal courts take judicial notice of law of state.**

What constitutes the common law of a state is not a question determined by a federal court from the opinions of lawyers, as expert witnesses, but a matter of which it takes judicial notice.

**3. Negligence ⬤⟳23 (2)—Injury to child playing with street railway car truck held negligent.**

Defendant street railway company maintained for its use a tract of land in a thickly populated neighborhood, having thereon a car barn and numerous tracks, on which were stored cars, trucks, and pairs of wheels. The tract was inclosed, but there were gates to the adjoining streets, and well-traveled roads and paths across it, which had been used by the public for many years. It was also used as a playground by the children of the neighborhood, who had a ball ground thereon, and the smaller children played with the trucks and wheels by rolling them along the tracks. A truck with four wheels had been left without brake or other fastening on a track near where there was a downward grade in both directions. Children had been playing with it, by rolling it back and forth, for some days, to the knowledge of defendant's employés and without objection, when, pushing it on the incline, it ran down and into a standing car, and plaintiff, a boy eight years old, who was riding on it with another small boy, was injured. *Held,* that a verdict finding that defendant was negligent and a judgment holding it liable for the injury were warranted by the facts.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Harold Wursthorn, an infant, by his next friend, and Curt Wursthorn, against the Public Service Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Lefferts S. Hoffman, Leonard J. Tynan, and Joseph Coult, Jr., all of Newark, N. J., for plaintiff in error.

Edwin F. Smith, of Jersey City, N. J. (Thomas G. Haight, of Jersey City, N. J., of counsel), for defendants in error.

Before WOOLLEY and DAVIS, Circuit Judges, and ORR, District Judge.

WOOLLEY, Circuit Judge. This action was brought by Harold Wursthorn, an infant of tender years, by his next friend, to recover damages for personal injuries, and by Curt Wursthorn to recover for loss of his son's services, occasioned by negligence of the Public Service Railway Company. The plaintiffs had verdicts, and the defendant sued out this writ of error.

Speaking of the parties as they stood in the court below, the facts, shortly stated, are these: The place of the accident is a large rectangular tract of land in Secaucas, New Jersey, owned by the defendant, on which is a car barn, and many tracks used for the movement and storage of cars. The tract of land, situate in a thickly populated district, is bounded on one side by the Hackensack River and fenced on the other sides, with a gate at each of the several abutting streets through which persons, either with vehicles or as pedestrians, and whether on business or pleasure, enter at will passing over roads and well traveled paths and across and along the tracks. Although at

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

several places on the grounds there are signs reading "Private Property, No Trespassing," the public generally—adults and children alike—had, for twenty years prior to the accident, crossed and recrossed the premises in a manner from which invitation by the defendant might be implied.

On the tract of land was a ball ground used on occasions by semiprofessional ball teams and in the intervals by children. A large number of children in the neighborhood had used the property generally as a playground, not confining themselves to the ball field but playing on derricks and on cars which had been stored on tracks, building tents and camps, using the premises as a way to the river for swimming and fishing, and—as bearing directly on the accident in this case—playing with car wheels left on the tracks by rolling them back and forth.

For several weeks prior to the accident the defendant had kept a car truck—made of four car wheels, each pair being connected by an axle and the whole joined together by timbers—standing on a track alongside the car barn at or near a place where the grade descended in both directions. Having neither a brake nor anything else to hold it in place, children, during that time, played with the truck by moving it along the tracks and jumping on and off, in the presence of employees of the defendant and without hindrance by them.

On the day in question several boys, twelve or thirteen years of age, pushed the truck on a slight downward incline toward the river. In its transit it became stalled by the dirt of a road crossing. It was here that the infant plaintiff, then seven years of age, got upon the truck with another small boy for a ride. The larger boys succeeded finally in getting the truck past the crossing, when, gathering speed rapidly on an abruptly descending grade, the larger boys let go and the truck dashed down the track and into a car standing at the bottom of the grade, causing the infant plaintiff the serious injuries of which he complains in this action.

At the close of the trial the defendant moved for a directed verdict on the ground that the infant plaintiff was a trespasser to whom it owed no duty of care save to refrain from willful injury. Refusing the motion, the court submitted the case on the law of implied invitation based on the doctrine of attractive nuisances and held the defendant to a degree of care such as an ordinarily prudent person would exercise to prevent injury to a child of little discretion who had been enticed upon his premises by objects which were alluring and dangerous. The law which the defendant moved the court to apply was the common law of the State of New Jersey as interpreted by it in the case of Friedman v. Snare & Triest Co., 71 N. J. Law, 605, 61 Atl. 401, 70 L. R. A. 147, 108 Am. St. Rep. 764, 2 Ann. Cas. 497 (1905). The law which the court charged was the law applicable by a federal court to a case arising in the State of New Jersey as found by this court in Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367 (1909). This difference in the law enforcible in New Jersey as regarded by the defendant and as found by this court arose out of the fact that there were two cases of Snare

& Triest Co. v. Friedman brought and tried in different courts. At the trial in the state court, the defendant here contends, the doctrine of the turntable cases (Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745) was invoked and repudiated, while at the trial in the federal court, it is conceded, the same doctrine was invoked and sustained.

This court, at the federal trial of Snare & Triest, having before it the record of the state trial of Snare & Triest and the state authorities on which that decision was rested, found there was no such settled rule of law (repudiating the doctrine of the turntable cases) established by the decisions of the New Jersey tribunal of last resort as would be binding upon the United States Circuit Court or that would relieve it from the duty of forming an independent judgment as to what the unwritten or common law of New Jersey required of the defendant in the premises. It is important here to note that no statute of the state was involved. This court arrived at the conclusion that the law announced by the Supreme Court of the United States in Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, and Union Pacific R. Co. v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434, commonly known as the doctrine of the turntable cases, was the law applicable to the case. The federal case of Snare & Triest is so close to the instant case that the law of that case is applicable to this case, unless the defendant should prevail in its request that we depart from Snare & Triest, decided on the then unsettled law in New Jersey, and follow the law of New Jersey which, it urges, has since become firmly settled, by three decisions repudiating the doctrine; one by a trial court of New Jersey, another by the court of last resort of New Jersey, and still another by the Supreme Court of the United States. On the question thus raised we shall not review Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367, but shall accept the judgment of this court in that case and the reasoning that moved it to its judgment as the starting point for the new phase of the law now invoked.

[1] Assuming it to be true that at the time of the decision of this court in Snare & Triest Co. v. Friedman the law of New Jersey with respect to the duty which one owes a child invited upon his premises was not settled, and, therefore, warranted this court, in its concurrent jurisdiction with the state courts, in exercising an independent judgment of what that law was, the one question now before us is whether, since that decision, the law has by a settled course of state decisions become established as a rule of property and conduct which it would be our duty to follow. Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Etheridge v. Sperry, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. Ed. 171.

To prove that the law has become established, the defendant relies upon expressions by courts of New Jersey, such for instance as "The rule that denies to a trespasser a duty on the part of others to observe care toward him is not changed by the fact that he is an infant. This principle was applied in the so-called "turntable cases." These expressions are found in the opinions in cases, which, on close investigation,

turn out to be cases of trespass pure and simple, where no questions of implied invitation or license were involved. No one doubts that unless saved by circumstances, as by invitation or license, a child can be a trespasser equally with an adult.

The first of these cases is Sutton v. West Jersey & Seashore R. Co., 78 N. J. Law, 17, 73 Atl. 256, decided by the Supreme Court of New Jersey in 1909. In this case a boy, crossing a meadow through which the electric railway of the defendant was constructed, came into contact with a charged third rail and was killed. The court, on demurrer, held the child a trespasser and entered judgment for the defendant. And properly so, we think. For there was nothing in the case that divested the child of the character of trespasser. There was no evidence that children frequented the premises or were likely to be attracted to the premises by alluring objects. In fact, there was no evidence that the owner had done anything to invite the child to the premises or anything to impose upon itself a greater duty or care than that to be exercised toward a trespasser whatever his age. The Sutton Case, having to do with a trespasser, not with one on the premises of another by his invitation, express or implied, has already been held by this court to contribute nothing toward settling the common law of New Jersey on the question under consideration. In Riedel v. West Jersey & Seashore R. Co., 177 Fed. 374, 101 C. C. A. 428, 28 L. R. A. (N. S.) 98, 21 Ann. Cas. 746, where "the facts were practically the same" as in the Sutton Case, this court, citing the Sutton Case with approval, very carefully distinguished the law of the Sutton Case and the Riedel Case from the turntable law of Railroad Company v. Stout, 17 Wall. 657, 21 L. Ed. 745, and Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367.

We are of opinion, therefore, that the Sutton Case left the law of New Jersey where it was at the time of the trial of the Snare & Triest Case.

Hoberg v. Collins, Lavery & Co., 80 N. J. Law, 425, 78 Atl. 166, 31 L. R. A. (N. S.) 1064, decided by the Court of Errors and Appeals of New Jersey in 1910, is the next case relied on by the defendant as a state decision dispositive of the common law of New Jersey. There a boy stole a ride on a moving wagon. Upon the driver flicking his whip at him he fell and was injured by a passing car. The appellate court said that "the declaration in this case is not strictly for negligence, but for a wilful and malicious act, with unnecessary force and violence, causing sudden fear and panic" resulting in the injury complained of. The trial court entered a judgment of nonsuit on the ground that the boy was a trespasser and the judgment was sustained on writ of error because of the plaintiff's failure to produce evidence from which a jury might properly infer a wilful and intentional injury or an exhibition of force calculated to, or which in fact did, result in loss of the plaintiff's self control. Indeed, it is doubtful whether this was a case of negligence at all. In any event, as in the Sutton Case, there was nothing in the Hoberg Case by way of attractive or alluring objects left open to the curiosity of children, or evidence that the child was likely to steal a ride and thereby put him-

self on the defendant's property in a place of danger. There was nothing in this case to relieve the child of the character of trespasser or invest him with the character of one on the wagon by the owner's invitation. In other words, the law of implied invitation based on the doctrine of attractive nuisances was in no way involved. Therefore, we find in this case nothing which throws any more light on the law of New Jersey than there was when this court decided the Snare & Triest Case.

The remaining case on which the defendant relies in asking us to adhere no longer to the law of Snare & Triest is Erie R. Co. v. Hilt, 247 U. S. 97, 38 Sup. Ct. 435, 62 L. Ed. 1003. This was an action for personal injuries tried in the District Court for the District of New Jersey. The plaintiff, a boy less than seven years of age, had been playing marbles near the defendant's railroad siding. While reaching under a car for a marble with his foot the car backed and crushed his leg. A statute of New Jersey provides that:

"If any person shall be injured by an engine or car while walking, standing or playing on any railroad, * * * such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad." General Railroad Law (3 Comp. St. 1910, p. 4245) § 55.

The trial court allowed the plaintiff to go to the jury and obtain a verdict. The judgment was affirmed by this court on the same theory by which, evidently, the trial judge was controlled. 246 Fed. 800, 159 C. C. A. 102. This theory was that the boy, considering his tender years, was not chargeable with contributory negligence, as a matter of law, under the cited New Jersey statute, in the absence of a decision by the highest court of the state construing the statute, but that, under the decisions of this court—and until the Court of Errors and Appeals of New Jersey shall have spoken—the question of his negligence was for the jury. Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367; Erie R. Co. v. Swiderski, 197 Fed. 521, 117 C. C. A. 17; Chesko v. D. & H. Co., 218 Fed. 804, 134 C. C. A. 492.

The words of the statute had, however, been given their literal meaning and had been construed by the Supreme Court of New Jersey in Barcolini v. Atlantic City & Shore R. Co., 82 N. J. Law, 107, 81 Atl. 494, to be broad enough to include an infant younger than the plaintiff. In this situation the Supreme Court of the United States, on certiorari, reversed this court on a holding that the Supreme Court of the State of New Jersey, although not the highest court in the state, is a tribunal of sufficient importance to be followed by the courts of the United States. In not following the decision of the Supreme Court of New Jersey on an interpretation of a state statute—not on the unwritten or common law of the state—this court was found to have erred. This, in our opinion, is all the Supreme Court of the United States decided in the Hilt Case. But in discussing the statute there in question, the court in its opinion went farther and said:

"The statute seemingly adopts in an unqualified form the policy of the common law as understood we believe in New Jersey, Massachusetts, and some

other states, that while a landowner cannot intentionally injure or lay traps for a person coming upon his premises *without license*, he is not bound to provide for the *trespasser's* safety from other undisclosed dangers, or to interrupt his own otherwise lawful occupations to provide for the chance that someone may be unlawfully there."

The defendant urges that this is a pronouncement by the Supreme Court of the United States that, by its common law, New Jersey has repudiated the doctrine of the turntable cases. We do not find this to be the view of the Supreme Court. Were such a view expressed on the question under consideration in the Hilt Case, it would, we venture the thought, be obiter. We understand from the opinion that the Supreme Court of the United States regarded the New Jersey statute in question as directed to persons coming upon the premises of another *without* license, and as declaratory of the common law of New Jersey with respect to trespassers. We find nothing in the language of the Supreme Court of the United States from which we can gather its view of the common law of New Jersey as to the care a landowner is required to exercise toward one he has invited upon his premises, that is, toward one coming upon his land *with* license. With respect to such the Supreme Court carefully refrained from expressing an opinion by pointing out that "there is [in this case] no ground for the argument that the plaintiff was *invited* upon the tracks."

We are of opinion, therefore, that the Sutton, Hoberg and Hilt Cases leave the common law of New Jersey where this court found it in Snare & Triest Co. v. Friedman, and that, under authority of that decision, the trial court committed no error in submitting the case to the jury.

[2] At the trial the defendant produced a witness, learned in the law, and offered to prove by his testimony the common law of New Jersey here in question. The court's refusal to admit his testimony is assigned as error. The witness was offered not to prove the happening of a fact but the existence of a law with reference to which this court was called upon in Snare & Triest Co. v. Friedman, supra, and again in the instant case, to form its independent judgment. The process by which its judgment is reached is not on the testimony of one or many lawyers giving their opinion of what the law is, but is the notice which the court itself takes of the law of a state or territory. Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086; Gerling v. Baltimore, etc., R. Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311; Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; 23 Corpus Juris, 127.

Of the remaining assignments of error, we shall discuss briefly only those which bear on questions of negligence.

[3] The defendant contends that, even assuming the infant plaintiff was on the land of the defendant by right, there was (a) no evidence of negligence on the part of the defendant, or (b) if there was, the proximate cause of the injury was the negligence of the boys who moved the truck away, and that, in consequence, the trial court committed error in refusing its motion for a directed verdict.

Leaving the truck—admittedly a dangerous thing when in motion—

at a point on the track at or near a place where the grade descended in both directions without providing a brake, block, or other means to prevent its movement by children permitted to play with it was evidence from which, we are of opinion, a jury could validly find lack of care amounting to negligence. Railroad v. Stout, supra. But the defendant claims that, even so, its negligence stopped with leaving the truck on the track and that the plaintiff's injury was due to the negligence of an intervening agency, the act of the boys in moving it away, who, if of sufficient age and intelligence to understand the danger, relieved the defendant of liability for its own negligence. In this contention there is implied a limitation of the defendant's negligence which we think is not sound. Its negligence in leaving the truck where, to its own knowledge, boys of different ages customarily played with it and moved it about, extends to its failure to anticipate and prevent what those boys had been doing and what they were likely to do. That the boys this time moved the truck farther than at other times did not relieve the defendant of its duty to provide against their moving it at all. This is not the case in Rhad v. Duquesne Light Co., 255 Pa. 409, 100 Atl. 262, L. R. A. 1917D, 864, where the defendant's chauffeur set the brakes and left the car standing at a curb on a down grade and a boy, rattling the brakes, released them so that the car started off and struck the plaintiff. In that case there was no question of an invitation to the boy to interfere with the brakes and the court held that the boy's interference was the proximate cause of the injury and that the defendant, even if negligent, was not liable. Rather, the instant case falls within the text of Shearman & Redfield on Negligence (3d Ed.) p. 10.

"Negligence, however, may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible even though its negligent act was not the nearest cause in the order of time."

With such a distinction readily to be made in the rule of proximate cause, we are of opinion that the trial court committed no error in submitting the case on the issue of negligence.

The judgment below is affirmed.