LUIGI FIORELLI, as Administrator, etc., of BIAGIO FIORELLI, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

### Claim No. 17071

Court of Claims, April, 1922.

*Claims against the state — cellar hole filled with water on land belonging to state near canal — no liability for drowning of boy playing in pool — mere licensee.*

CLAIM for damages for causing death by wrongful act.

*Daniel Moran,* for claimant.

*Charles D. Newton,* attorney-general (*Frank K. Cook,* deputy attorney-general, of counsel), for State of New York.

CORWIN, J. The state, at the time of the occurrence upon which this claim is founded, was the owner of lands situated in the village of Seneca Falls, adjacent to the Barge canal, which it had acquired for Barge canal purposes and which were entirely within the blue line. This land was bounded on the north by the south line of Water street and was located directly opposite the junction of Walnut street with Water street, Walnut street being a short street, one block in length, running north and south between Fall street and Water street. Upon said lands was a hole or excavation surrounded by the foundation walls of a building which formerly stood upon the premises. This hole was filled with water which backed up from the Barge canal and was between thirty-eight and forty feet distant from the south side of Water street at its nearest point. The land between the pool thus formed and Water

street was practically level and slightly lower than the grade of Water street, and there was no fence or other visible boundary between Water street and the land in question, nor was the pool guarded in any way. Children of the neighborhood were accustomed to play upon this land and about the pool. Upon the surface of the pool, at the time in question, there was floating some wooden structure, which plaintiff's intestate and three other boys were using as a raft and upon which they were playing. Plaintiff's intestate, who was a boy of twelve years of age but with the mentality of a child of seven, fell from this raft and was drowned. Plaintiff seeks to recover the damages suffered by reason of the death of his intestate.

Plaintiff's intestate was not upon the lands in question by invitation of the state, either express or implied, and was at most a mere licensee, chargeable with assuming the risk of using the premises as he found them, and to whom the state owed no duty, except to refrain from inflicting upon him intentional or wanton injury. *Murphy* v. *City of Brooklyn*, 98 N. Y. 642; 118 id. 575; *Greene* v. *Linton*, 7 Misc. Rep. 272; *Sterger* v. *Van Sicklen*, 132 N. Y. 499; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 id. 240.

At the close of the plaintiff's case the state moved to dismiss and rested. The state's motion to dismiss should be and is granted, with an exception to the claimant.

ACKERSON, P. J., concurs.

Claim dismissed.