## ERIE R. CO. v. DUPLAK et al.
### No. 4436.

Circuit Court of Appeals, Third Circuit.
Dec. 4, 1931.

Hobart & Minard, of Newark, N. J. (Ralph E. Cooper and George S. Hobart, both of Newark, N. J., of counsel), for appellant.

Feder & Rinzler and Jack Rinzler, all of Passaic, N. J. (Frederic B. Scott, of New York City, of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and WATSON, District Judge.

PER CURIAM.

In the court below the plaintiff, a minor, suing by his next friend, recovered a verdict and judgment against the defendant for personal injuries alleged to have been sustained through negligence on the part of the railroad. Without discussing in every detail the voluminous testimony, it suffices to say there was proof tending to show the five year old boy lost his leg by reason of the railroad backing a train over its side track bridge, without notice, while the boy and his fellows were at play. The bridge was used as a short cut for many years, children used to play on it, dive into the water from it in summer, and in winter use it as a starting point for skating. The proofs show the railroad employees never drove the boys off the bridge or forbade them playing there. The proofs also show that while the boy was playing on the bridge a train was backed onto it without warning. Under these proofs and in view of our cases of Snare v. Friedman (C. C. A.) 169 F. 1, 40 L. R. A. (N. S.) 367, and Public Service Ry. Co. v. Wursthorn (C. C. A.) 278 F. 408, the case was one for a jury and the issues were whether the railroad had created an attractive place of play and whether the railroad was negligent in backing its train on the bridge without notice. This last issue was submitted to the jury, who found in favor of the plaintiff. By consent, the other question was submitted to the judge, who also found in favor of the plaintiff. In view of the proofs, we cannot say that as a matter of fact or a question of law the judge committed error.

The judgment below is, therefore, affirmed.