Argued May 8, affirmed June 9, 1914.

## RIGGLE v. LENS.*

(142 Pac. 346.)

**Negligence—Elements—Care of Property—Places Attractive to Children.**

The owner of a mill-race is not liable for the death of a child who, trespassing upon premises and playing upon the banks of the mill-race, fell in and was drowned, though it was sometimes resorted to by children for amusement and was not protected by fence or guard.

[As to negligence of infant as bar to recovery for personal injuries, see notes in 14 Am. St. Rep. 590; 81 Am. St. Rep. 875.]

From Umatilla: GILBERT W. PHELPS, Judge.

This is an action by George W. Riggle against I. C. Lens. From a judgment in favor of defendant, plaintiff appeals. The facts are fully set forth in the opinion of the court.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Will M. Peterson.*

For respondent there was a brief with oral arguments by *Messrs. Raley & Raley.*

In Banc. MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff brings this action to recover damages for the death of his son Paul, an infant of five years of age by drowning in the Byer's mill-race. The complaint charges that the mill-race was situated in the City of Pendleton and owned by defendant, being located near public streets or highways; that it was from three to eight feet deep; that it was sometimes resorted to by children for amusement, and was not protected

---

*As to the duty of property owner to trespassing children, see note in 32 L. R. A. (N. S.) 559. On the question of the doctrine of "attractive nuisance" as applied to ponds, reservoirs, waterways, etc., see notes in 19 L. R. A. (N. S.) 1101.        REPORTER.

by fence or guard. Paul Riggle, while playing upon the banks thereof, fell in and was drowned; and plaintiff seeks to recover for the loss of Paul's services during his minority. A demurrer thereto was sustained, and, from a judgment thereon, plaintiff appeals.

The question is whether defendant was guilty of negligence in leaving the race unprotected against small children; plaintiff contending that the defendant is liable for the death of the infant by drowning therein under the turntable doctrine, the race being an attractive nuisance constituting a lure to children. Although the question is one of first impression in this state, it is not new to the courts of this country. It is discussed in many decisions by nearly all the courts of last resort, and they do not all arrive at the same result, differing principally on account of the difference in the facts involved. The cases holding in regard to the liability of the owner of the object attractive to children are to some extent collated on the one side by the plaintiff and upon the other by the defendant, as well as in some of the annotated cases on the subject. The cases of *Sioux City etc. R. Co.* v. *Stout,* 17 Wall. 657 (21 L. Ed. 745), and *Union Pac. R. Co.* v. *McDonald,* 152 U. S. 262 (38 L. Ed. 434, 14 Sup. Ct. Rep. 619), seem to be recognized by subsequent decisions as authoritative and final upon the points decided; at least they are very extensively quoted and followed. *Sullivan* v. *Huidekoper,* 27 App. Cas. (D. C.) 154 (5 L. R. A. (N. S.) 263), DUELL, J., annotated in 7 Ann. Cas. 196, is a case in which there is a full discussion of the law upon that question and also a review of many cases, in which a child of tender years was drowned in a pool of water upon the property of the defendant, caused by a street grade. The court says:

"We deem it immaterial whether the pond be a natural or an artificial one."

This is not a case where the injury was claimed by reason of negligence in not properly guarding a concealed, dangerous condition, as were the Stout and McDonald cases.

*Bjork* v. *Tacoma,* 76 Wash. 225 (135 Pac. 1006, 48 L. R. A. (N. S.) 331), was a case of unguarded, concealed danger, and comes directly within the two former cases, as are also *Brinkley Car Co.* v. *Cooper,* 60 Ark. 545 (31 S. W. 154, 46 Am. St. Rep. 216), and *Kinchlow* v. *Midland Elevator Co.,* 57 Kan. 374 (46 Pac. 703). It is considered to be the primary duty of the parent to guard or protect the small child against patent and unconcealed dangers: *Sullivan* v. *Huidekoper,* 27 App. Cas. (D. C.) 154 (7 Ann. Cas. 196, 5 L. R. A. (N. S.) 263); *Wheeling etc. Ry. Co.* v. *Harvey,* 77 Ohio St. 235 (83 N. E. 66, 122 Am. St. Rep. 503, 11 Ann. Cas. 981, 19 L. R. A. (N. S.) 1136).

In the case of *McCabe* v. *American Woolen Mills Co.* (C. C.), 124 Fed. 283, the court recognizes the principle announced in the Stout and McDonald cases, *supra,* but distinguishes them from a case of an open, visible ditch or canal, which is similar to a natural stream. In the Sullivan case it is said that:

"The doctrine of the turntable cases is an exception to the rule of nonliability of a land owner for accidents from visible causes to trespassers on his premises."

*Stendal* v. *Boyd,* 73 Minn. 53 (75 N. W. 735, 72 Am. St. Rep. 597, 42 L. R. A. 288), adopts the same language, where it is said that, with the exception of *Pekin* v. *McMahon,* 154 Ill. 141 (39 N. E. 484, 45 Am. St. Rep. 114, 27 L. R. A. 206), the courts of last resort, including those which recognize the doctrine of the turntable cases, have uniformly denied the lia-

bility of the land owner for injuries to trespassing children by reason of open and unguarded ponds or excavations upon his premises. That state had previously adhered to the doctrine of the turntable and attractive nuisance cases, and the court had modified its former position on that question, holding that the turntable doctrine is an exception to the rule of nonliability of a land owner for accidents from visible causes to a trespasser on his premises, which is followed in *Mattson v. Minnesota & North Wisconsin R. Co.,* 95 Minn. 477 (104 N. W. 443, 111 Am. St. Rep. 483, 5 Ann. Cas. 498, 70 L. R. A. 503).

In *Erickson* v. *Great Northern R. Co.,* 82 Minn. 60 (84 N. W. 462, 83 Am. St. Rep. 410, 51 L. R. A. 645), the Chief Justice says the manifest trend of all the decisions of this court is to limit its application to attractive and dangerous machinery and to other similar cases where the danger is latent, and that as a general rule the doctrine must be limited to those cases.

In an able article in 11 Harvard L. Rev. 349, 434, Judge Jeremiah Smith, in a review of the cases, reaches the conclusion that the turntable doctrine is not sound. This article is an able and exhaustive treatment of the subject, the cases *pro* and *con* being collated, at the conclusion of which the author says:

"Our conclusion, therefore, is that the law ought not to impose upon the land owner even qualified liability, so far as the condition of his premises is concerned, to children entering without permission, although 'attracted' by his method of making beneficial use of his premises."

The turntable doctrine is repudiated in Massachusetts in the McCabe case, *supra,* and in *Daniels* v, *New York etc. Ry. Co.,* 154 Mass. 349 (28 N. E. 283, 26 Am. St. Rep. 253, 13 L. R. A. 248). In the former

Justice PUTNAM says that this doctrine is also repudiated in New Hampshire, and suggests that it is doubtful if it is recognized in any part of New England. He concludes by saying that the rule of the turntable and slack-pit cases should not be extended to cases of injuries to children by reason of open and unguarded ponds on the defendants' lands.

In *Thompson* v. *Baltimore & O. Ry. Co.*, 218 Pa. 444 (67 Atl. 768, 120 Am. St. Rep. 897, 11 Ann. Cas. 896, 19 L. R. A. (N. S.) 1162), it is said:

"The doctrine of the so-called turntable cases has been disapproved. * * *"

In a note to *Wheeling etc. Ry. Co.* v. *Harvey*, 77 Ohio St. 235 (83 N. E. 66, 122 Am. St. Rep. 503, 11 Ann. Cas. 981, 19 L. R. A. (N. S.) 1136), annotated in 11 Ann. Cas. 981, the author at page 990 on this subject says:

"While the doctrine of the turntable cases has been approved and followed by many jurisdictions, there has developed in the last few years a tendency to break away from that doctrine. * * * In some jurisdictions * * * the doctrine has been * * * so limited as to apply only to injuries occurring to trespassing children while playing on a turntable, or to injuries occasioned by alluring, attractive, and dangerous unguarded machinery."

The opinion in that case adopts the well-settled rule that a land owner is under no obligation to safeguard his property so as to prevent injury to trespassers, and that such duty cannot be imposed by the inefficiency of the trespasser, where none would otherwise exist. The opinion is exhaustive and apparently unanswerable upon the point that a land owner is not liable for damages to an infant trespasser for injuries arising from an unguarded, open, and unconcealed

danger on his land. Liability in such a case is no different from liability to an adult, and he concludes that the rule that the owner of land may manage it in his own way for his own benefit, owing no duty to those who come upon it for no business purpose, but without license, express or implied, is too well-established to need further comment or to warrant a departure from it.

In *Thompson* v. *Baltimore & O. Ry. Co.*, 218 Pa. 444 .(67 Atl. 768, 120 Am. St. Rep. 897, 11 Ann. Cas. 894, 19 L. R. A. (N. S.) 1162), the opinion repudiates the · turntable doctrine entirely. There is a strong dissenting opinion, and the two opinions set forth the argument on either side of the question involved.

The case of *Sullivan* v. *Huidekoper,* 27 App. Cas. (D. C.) 154 (5 L. R. A. (N. S.) 263), sets forth the leading arguments of the cases against the liability of a land owner for injuries from an open, unguarded pond on his land, and the case of *Bjork* v. *Tacoma,* 76 Wash. 225 (135 Pac. 1006, 48 L. R. A. (N. S.) 331), is a strong opinion to the contrary. In the latter case the city, in connection with its water system, maintained a flume 24 inches square about on the level with the ground to carry water to its reservoir; and, at a point where the land is used as a playground for children, it had an opening 24 inches square and a cover fastened with hinges and used by residents in that vicinity for a time, but it had subsequently fallen into decay, and, the cover being removed, a child three years old fell in and was drowned. The flume was a closed box from which there could be no escape or rescue.

In *Haynes* v. *Seattle,* 69 Wash. 419 (125 Pac. 147), it is disclosed that the reason for the court's conclusion was that the danger was exposed on the street of the city in front of and adjacent to the school playground, where there was a swarm of children; that it was not

only alluringly attractive, but in the nature of dangerous machinery carelessly left exposed to them.

In a former Washington case (*Gordon* v. *Snoqualmie Lumber & Shingle Co.,* 59 Wash. 272 (109 Pac. 1044, 29 L. R. A. (N. S.) 88), it is held that hot water in a substantial barrel, used in connection with a shingle mill, being securely placed and covered, was not a trap or concealed danger. Defendant averred that it was under no duty to trespassers, and that one injured by dipping hot water from it could not recover damages, and was held not liable. The opinion in *Bjork* v. *Tacoma,* 76 Wash. 225 (135 Pac. 1006, 48 L. R. A. (N. S.) 331), is a strong argument in favor of such a liability.

In many cases a distinction is made between the case of negligence in not properly guarding dangerous machinery or a concealed dangerous condition, as found in the Stout and McDaniel cases, *supra,* and cases where there may be on one's land an unguarded pond or waterway, artificial or natural, even though children may be attracted there. As said in the Sullivan case, to hold the land owner liable in the latter cases would be to shift the care of children from their parents to strangers. The private duty to guard a child against unconcealed dangers devolves upon the parent, and not upon the land owner. The great majority of the cases upon this point hold that the landowner is liable only for accidents occurring on his land by reason of dangerous, unguarded machinery, permitted or created by him, or some concealed, dangerous condition thereon that is attractive to children whereby they may be injured; otherwise he is not liable.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE MOORE dissents.