## TROGLIA v. BUTTE SUPERIOR MINING CO.

(Circuit Court of Appeals, Ninth Circuit. January 17, 1921.)

No. 3515.

1. **Negligence ☞39—Owner of artificial pool not liable for death of child while swimming, in absence of hidden peril.**

The degree of care required of one maintaining on his land an artificial pool of water for a useful purpose is no greater than that required of one through whose land flows a natural stream, and he is bound to no special care or precaution for the protection of children in the habit of swimming therein, unless there is in the pool some peculiar danger in the nature of a hidden peril or trap for the unwary, of which he has or ought to have knowledge.

2. **Negligence ☞39—Artificial pool, not containing hidden peril, not attractive nuisance.**

An artificial pool maintained by one on his own land for a useful purpose, and not containing any peculiar danger in the nature of a hidden peril or trap for the unwary, but in which children are in the habit of swimming, is not within the attractive nuisance doctrine.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by Martin Troglia against the Butte Superior Mining Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action for damages for the loss of his son, a lad 11 years of age, who was drowned while swimming in a pond on the premises of the defendant in error. The pond furnished water to supply a mill, and it had been made by damming a small stream. It was about 100 feet long and 75 feet wide, and varied in depth from 1 to 12 feet. It was not

inclosed in any way. It was situated within 30 feet of a road, which was only occasionally traveled. The defendant in error had taken the precaution to post four or five notices around the pool, containing such warnings as "No trespassing," "Private property," "10 feet deep," "Keep away," and "10 feet deep, dangerous." Boys were in the habit of coming to the pool and swimming there in the summer time. The boy who was drowned was a good swimmer for one of his age. He was "strong and husky," and better developed physically and mentally than most boys of his age. He was in the seventh grade at school, and of course he could read the signs, which were posted about the pool. On the day on which he was drowned, he, with a number of other boys, was playing about the pool and swimming therein two hours or longer. He was drowned while swimming across the pool, under circumstances which indicated that he was seized with cramps. The defendant in error knew that the boys were in the habit of swimming in the pool. It never protested against their using the pool for that purpose. It had in attendance in a pump house near the pool a man who was in charge of a steam pump. Upon the conclusion of the testimony, the court below directed a verdict for the defendant in error.

Walker & Walker and C. S. Wagner, all of Butte, Mont., for plaintiff in error.

Kremer, Sanders & Kremer, of Butte, Mont., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the ruling of the court below in directing a verdict for the defendant in error. The degree of care required of one who maintains on his land an artificial pool for a useful purpose is not greater than that required of one through whose land flows a natural stream, and he is bound to no special care or precaution for the protection of children who are in the habit of swimming in the same, unless there is in the pool some peculiar danger, in the nature of a hidden peril or trap for the unwary, of which he has or ought to have knowledge. A peril of that nature was disclosed in Coeur d'Alene Lumber Co. v. Thompson, 215 Fed. 8, 131 C. C. A..316, L. R. A. 1915A, 731, where a child of 7 years of age, while wading in a small pool several feet across and apparently a few inches deep, stepped into a well, the presence of which was concealed by floating sawdust and discolored water. In that case we held that the defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury. A similar case is United Zinc & Chemical Co. v. Britt (C. C. A.) 264 Fed. 785. In 20 R. C. L. 96, it is said:

"Ponds, pools, lakes, streams, and other waters embody perils that are deemed to be obvious to children of the tenderest years, and as a general proposition no liability attaches to the proprietor by reason of death resulting therefrom to children who have come upon the land to bathe, skate, or play. * * * Accordingly, a right of recovery has been denied in the case of children 11, 10, 9, 8, 7, 6, and even 5 years of age. Although a property owner may know of the habit of children to visit waters upon his premises, he is as a rule under no obligation to erect barriers or take other measures to prevent them being injured thereby."

In Barnhart v. Chicago, etc., R. Co., 89 Wash. 304, 154 Pac. 441, L. R. A. 1916D, 443, the court said:

"That a pond of water is attractive to boys, for the purposes of play, swimming, and fishing, no one will deny. But its being an attractive agency is not sufficient to subject the owner to liability. It must be an agency such as is likely to or will result * * * in injury to those attracted to it. That many boys every year lose their lives by drowning is a matter of common knowledge. But the number of deaths in comparison to the total number of boys that visit ponds, lakes, or streams, for purposes of play, swimming, and fishing, is comparatively small. It would be extending the doctrine too far to hold that a pond of water is an attractive nuisance, and therefore comes within the turntable cases."

Cases in point are McCabe v. American Woolen Co. (C. C.) 124 Fed. 283; Great Northern Ry. Co. v. Willard, 238 Fed. 714, 151 C. C. A. 564; Hardy v. Missouri Pac. R. Co. (C. C. A.) 266 Fed. 860; Moran v. Pullman Palace Car Co., 134 Mo. 641, 36 S. W. 659, 33 L. R. A. 755, 56 Am. St. Rep. 543; Peters v. Bowman, 115 Cal. 345, 47 Pac. 113, 598, 56 Am. St. Rep. 106; Riggle v. Lens, 71 Or. 125, 142 Pac. 346, L. R. A. 1915A, 150, Ann. Cas. 1916C, 1083.

[2] The defendant relies upon the doctrine of the turntable case. Sioux City R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745. The rule of that case is the extreme expression of the duty of a landowner to keep his premises in a safe condition. It was based on the theory that the turntable was a dangerous machine attractive to children, the consequence of meddling with which was not realized by the mind of a child, which danger might be obviated by the very simple means of locking the machine. It would be both impracticable and unreasonable to extend that doctrine to pools and ponds and running streams.

The defendant cites Price v. Water Co., 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625; and Franks v. Southern Cotton Oil Co., 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; but those cases are believed to be against the weight of authority, and it is to be said, by way of distinguishing them from the case at bar, that they were cases involving accidents to boys while playing about deep reservoirs, the walls of which were so steep that persons falling into them could not get out unaided. But the Supreme Court of Kansas in the later case of Harper v. City of Topeka, 92 Kan. 11, 139 Pac. 1018, 51 L. R. A. (N. S.) 1032, denied liability in a case where a boy of 7 was drowned while sliding on the ice in a pond.

The judgment is affirmed.