Argued October 12, affirmed November 27, 1923.

## GEORGE W. BURROUGHS, BY BERT H. BURROUGHS, HIS GUARDIAN AD LITEM, THE PACIFIC TELEPHONE & TELEGRAPH CO., A CORPORATION.

(220 Pac. 152.)

**Negligence—Dangerous Agencies Accessible to Children.**

1. Dangerous agencies easily accessible to children may not
be placed on vacant property.

**Negligence—Child Playing About Abandoned Telephone Poles Left
on Vacant Property not a Trespasser—"Abandon."**

2. Where defendant telephone company placed "abandoned"
poles upon vacant property not its own and used by children as
a playground, plaintiff, six year old child playing about the poles,
was not trespasser upon defendant's property, "abandon" meaning
to relinquish or give up with intent of never again resuming or
claiming one's right or interest.

**Negligence—Negligence in Leaving Telephone Poles Accessible to
Children Held for Jury.**

3. Where a six year old child was injured by the rolling over
of a telephone pole about which he was playing and which was
abandoned by defendant company on vacant property not its own
and used by children as a playground the question of defendant's
negligence *held* properly left to the jury.

From Multnomah: W. N. GATENS, Judge.

———————————————————————————

1. Attractive nuisances, see notes in 2 Ann. Cas. 504; 19 L. R. A.
(N. S.) 1094; L. R. A. 1918A, 860.

Department 2.

This action was instituted by the plaintiff, an infant of the age of six years, by his guardian *ad litem,* to recover damages averred to have resulted by reason of the defendant's negligence.

Among other things, it is alleged, in paragraph IV, that—

"Defendant, through its employees * * placed a telephone pole on a declivity or slanting ground near Fourth and Porter Streets in said city (Portland, Oregon)."

In paragraph V it is averred:

"That shortly after placing said telephone pole as aforesaid, the above-named George W. Burroughs, a minor of the age of approximately six years, sat on said telephone pole, when the same started in motion, rolling over and on said George W. Burroughs, bringing about the injuries hereinafter designated."

Paragraph VI reads:

" * * That said defendant carelessly and negligently placed said pole on a hill or declivity, where children were playing and were apt to come in contact with the same; that said defendant carelessly and negligently failed to block or brace said pole so it would not roll."

In paragraph VII it is averred:

"That as a direct and proximate result of said negligent acts of defendant * * said pole started in motion and rolled over and on said George W. Burroughs, breaking the bones of his right hand and bruising the tendons and ligaments thereof * * ."

Plaintiff demanded judgment in the sum of $1,800.

Defendant, answering, admitted:

"That some of its employees left an old telephone pole on vacant property in the vicinity of Fourth and

Porter Streets in Portland, Oregon, but, except as so admitted, defendant denies each and every allegation of paragraph IV of the complaint.''

Defendant denied the averments of paragraphs V and VI. It admitted that the plaintiff ''in some manner fractured one of the bones of his right hand,'' but denied that the injury was caused by its negligence.

For a further and separate answer and defense, the defendant alleged:

''That the pole * * was placed by the defendant in a reasonably safe position on vacant property; that said pole was old and of no further use to defendant and was left on said property for the purpose of being abandoned, and being used by other persons for fuel if they so desired. That whatever injury was sustained by said minor was on account of his own fault and negligence and the fault and negligence of the said guardian *ad litem,* who at that time had the care and custody of said minor, in not observing the usual precautions which should be used on or around a pole or other structure under similar circumstances.''

The reply admitted that the plaintiff fractured the bones of his right hand and that the defendant placed the pole on the vacant property.

Trial was had, and at the conclusion of plaintiff's evidence the defendant moved for a nonsuit on the ground that no negligence had been shown and no cause of action had been established. The court, over defendant's objection, submitted the question of defendant's negligence to the jury.

From a judgment in the sum of $500 in favor of the plaintiff, defendant appeals to this court.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Omar C. Spencer* and *Messrs. Carey & Kerr,* with an oral argument by *Mr. Spencer.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. W. E. Farrell.*

BROWN, J.—Nothing renders this case difficult, unless it be a misunderstanding of the real facts.

That George W. Burroughs, a child six years of age, sustained an injury, resulting in a fracture of the bones of his right hand, is not disputed. It is also an established fact that the injury was produced by reason of a telephone pole rolling upon the child's hand.

The plaintiff charged—

"That said defendant carelessly and negligently placed said pole on a hill or declivity, where children were playing and were apt to come in contact with the same * *, and carelessly and negligently failed to block or brace said pole so it would not roll."

The defendant says, in its answer—

That it placed the pole "on vacant property; that said pole was old and of no further use to defendant, and was left on said property for the purpose of being abandoned, and being used by other persons for fuel if they so desired."

The defendant denied failure to block the poles. However, within an hour after the pole that rolled upon the plaintiff was so placed and abandoned by defendant, a neighbor hearing the screams of children, stepped out of her house and saw two childern who had been trapped by defendant's abandoned telephone poles.

We will now direct our attention to the error assigned by the defendant by reason of the court's overruling its motion for a judgment of nonsuit. Following the ruling of the court the defendant offered evidence upon its own behalf, and this motion will be considered in the light of the whole record.

There is some competent testimony in the record in support of each of the material allegations of the complaint. There is no contention that the plaintiff's complaint does not state a good cause of action. While we do not mean to be understood to say that the weight of the evidence is with the plaintiff,—that being a question for the jury,—yet there is some competent proof tending to establish the material allegations of the plaintiff's pleadings. The record discloses that on the day preceding the accident the defendant's employees were removing telephone poles in the vicinity of Fourth and Porter Streets, Portland, Oregon, and that two old telephone poles were rolled by them to a vacant lot situate on Fourth and Porter Streets and there abandoned.

G. W. Warndahl, an employee of defendant, testified that on the evening before the accident, a pole was taken down at the head of Porter Street and placed on the north side of the street. He said:

"Next morning we placed them on the other side of the street * * ; we placed them together and blocked them, put a block in front of them so they would be sanitary [stationary] so they couldn't roll downhill."

There is testimony in the record tending to show that the poles were not blocked to keep them from rolling on the sloping ground where they had been placed, and that there were children playing in that immediate vicinity at the time the poles were placed upon the vacant property.

Mrs. Minnie Jouchemich, a witness for the defendant, who resides on Porter Street, testified that she had asked the Telephone Company for a pole, and that the employees had left two, telling her that she might have them for fuel; that some three days after they were left there her husband took possession of them, cut them into pieces and put them in the basement. She testified that the children "played around there all the time," and that the poles had been left by the defendant probably an hour before the plaintiff was injured; that she recognized the danger to the children and told the plaintiff, who was playing about the poles with his baby sister, to take her home; that soon thereafter one of the neighbors came in and said the boy had hurt his hand. She said, "I didn't see it at all."

Mrs. Vera Hubert, a neighbor residing on the corner of Fourth and Porter Streets, testified, among other things, that there is but little traffic in that vicinity, and that Porter Street extends west from Fourth; that she saw the telephone poles there between the fence and a standing telephone pole, on a slope west of Fourth Street "in that space"; that within an hour after the poles were left by defendant she heard the screams of children. She testified:

"I heard the children crying and I went out the door to see what was the matter. I noticed the children lying on the ground, so I ran down to the place where the poles were. The little girl was with her right foot, if I remember right, fastened under the large pole, which was against the telephone pole standing. I took the little girl out first, because the step on the pole was laying on her foot, caught her foot there. Then I got down,—the pole was so heavy I had to get on my knees to push the pole from the little boy's hand. * * It took quite a bit of my strength to push it back."

She said the larger and shorter of the two poles "rolled on the little boy," and that the slope of the ground was great enough so that the poles rolled easily.

"Q. What was the condition of this little boy at that time?

"A. He was just screaming; just crying and screaming, with his hand * * .

"Q. Was he lying down?

"A. Oh, yes; he was laying down with his hand this way, underneath the pole, like this."

She testified that both of the poles had rolled.

R. L. Duncan, foreman, testified that the poles were given to Mrs. Minnie Jouchemich, "I imagine for fuel," and that he did not see how they were blocked.

There is evidence establishing, if believed, acts of negligence upon the part of defendant, and the record further shows that the defendant knew, or should have known, that the children of the neighborhood were in the habit of playing at the place where the poles were abandoned.

1. Dangerous agencies easily accessible to children may not be placed upon vacant property: 20 R. C. L., § 30; *Nelson* v. *McLellan,* 31 Wash. 208 (71 Pac. 747, 96 Am. St. Rep. 902, 60 L. R. A. 793).

The language of Cooley, J., in the case of *Powers* v. *Harlow,* 53 Mich. 507 (19 N. W. 257, 51 Am. Rep. 154), is especially applicable to the facts disclosed by the record in this case and has been cited many times with approval. Judge Cooley wrote:

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take pre-

cautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they, in their immature judgment, might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken.''

We should know that—

''The All-Wise Providence has implanted in the child a curiosity which can be satisfied only by feeling and handling new and strange objects. This is a trait which frequently tries the patience of adults, but it is an instinct ordained by nature, and cannot be changed by man. In fixing a standard of human conduct involving the safety of children, this trait cannot be ignored. * * From these considerations, this court has laid down the rule that—'Conservation of child life and safety, as to artificial peril, is one of such importance that ordinary care may well hold everyone responsible for creating and maintaining a condition involving any such, with reasonable ground for apprehending that children of tender years may probably be allured thereinto.' *Webster v. Corcoran,* 156 Wis. 580 (146 N. W. 815); *Kelly v. Southern Wisconsin Ry. Co.,* 152 Wis. 328 (140 N. W. 60, 44 L. R. A. (N. S.) 487).'' *Kressine v. Janesville Traction Co.,* 175 Wis. 192 (184 N. W. 777).

2. The defendant filed an able brief, prepared on the theory ''that the defendant company, in leaving the poles, was in the same position as though the poles were left on its own property,'' and cited many authorities supporting its cause on the theory adopted.

The facts fail to support the defendant's presumption. Its pleading and testimony are to the effect that it placed the old used telephone poles on vacant property and abandoned them.

''Abandon. To relinquish or give up, with the intent of never again resuming or claiming one's

rights or interests in them; to give up absolutely; forsake entirely; to renounce utterly." Webster's New International Dictionary.

To hold that the plaintiff was a trespasser when playing about, or on, the poles, would be to extend the ordinary meaning of the term "trespasser."

Each party refers to the Oregon cases hereinafter mentioned.

In the case of *Riggle* v. *Lens,* 71 Or. 125 (142 Pac. 346, Ann. Cas. 1916C, 1083, L. R. A. 1915A, 150), involving the question of attractive nuisance, the injured child was trespassing upon the premises and playing upon the banks of a mill-race of the defendant.

In *Haynes* v. *Oregon-Washington R. R. & Nav. Co.,* 77 Or. 236 (150 Pac. 286), likewise an "attractive nuisance" case, the plaintiff, a minor, was injured by a bank of earth falling upon him. The injured boy, in that case, was deemed a mere trespasser upon the defendant's property.

3. In the case at bar, the defendant, by its servants, placed its poles not upon its own property, but upon vacant property used by children as a playground, and abandoned them; and this child, playing about these poles, or climbing upon them, should not be deemed a trespasser upon defendant's property. The child did not invade the inclosed, or any, premises of the defendant.

In *Hill* v. *Tualatin Academy,* 61 Or. 190 (121 Pac. 901), a minor, an invitee upon the premises of the Academy, recovered for injuries received from a concealed gopher gun. That case has little application to the facts here.

The case of *Macdonald* v. *O'Reilly,* 45 Or. 589 (78 Pac. 753), is much in point. In that case, a recovery

was had against the defendant who caused a load of piling to be placed on the public street in front of his property for the purpose of constructing a building on the adjoining premises. The boy was killed while playing on the piling. Relative to the child's negligence, the court said, in an opinion by Mr. Justice Bean, that a child four and a half years old has not, as a matter of law, sufficient judgment to be capable of negligence. The opinion reads:

"Whatever the rule may be, no one will, we apprehend, contend that a child of the age of plaintiff's intestate—four and one-half years—has reached such a degree of judgment, intelligence, or discretion as to be deemed capable of negligence in playing on a pile of * * timber left in the public street near his home. The court therefore properly so declared to the jury, even if the question is one of fact * * . And if it was one of law, there was no error in the instruction, as given. There are abundant cases holding that children under five years of age are *non sui juris* and incapable of negligence, as a matter of law (citations)." 45 Or. 599, 600 (78 Pac. 757).

"Some degree of care may justly be required, even from children of six to seven years. But such a child is everywhere presumed to be incapable of contributory negligence." 1 Shearman & Redfield on the Law of Negligence, § 73, p. 187.

The court did not err by refusing to take the case from the jury, nor in leaving to it the question of the defendant's negligence.

This case is affirmed.    Affirmed.

McBride, C. J., and Bean and McCourt, JJ., concur.