Argued September 10, affirmed October 24, 1962

# STATE OF OREGON *v.* STANDARD

375 P. 2d 551

*William F. Frye,* District Attorney for Lane County, Eugene, argued the cause and filed a brief for appellant.

*James A. Pearson,* Eugene, argued the cause and filed a brief for respondent.

Before McAllister, 'Chief Justice, and Rossman, Perry, Goodwin and Denecke, Justices.

PERRY, J.

The Lane County Grand Jury returned an indictment against the defendant, as follows:

"The above named LEW PERCY STANDARD is accused by the Lane County Grand Jury by this Indictment of the crime of

INVOLUNTARY MANSLAUGHTER

committed as follows:

The said LEW PERCY STANDARD on the 15th day of October, 1961, in the county aforesaid, and then and there hunting for deer with a loaded rifle and having the duty,

(1) to exercise a reasonable degree of care in the handling of his rifle,

(2) to keep a lookout for other persons within gunshot range of his rifle,

(3) to refrain from inflicting injury upon or causing bodily harm to other persons,

(4) to refrain from firing his rifle at and toward any other person, and

(5) to positively identify any and all objects at which he intended to shoot before aiming and firing his rifle at such objects;

he, the defendant, being within gunshot range of one Wesley Grant Standard, did wrongfully and unlawfully fail to use due caution and circumspection in that he,

(1) failed and neglected to keep a lookout for other persons and particularly for the said Wesley Grant Standard, who was then and there within gunshot range of said rifle, as aforesaid,

(2) failed and neglected to positively identify the object at which he intended to shoot with his rifle,

(3) fired his rifle at and in the direction of the said Wesley Grant Standard before he, the defendant, could clearly see and identify the object at which he was shooting, and

(4) fired his rifle at and in the direction of a motion or movement without knowing or first ascertaining or investigating the cause of said motion or movement, which was in fact the person of said Wesley Grant Standard;

and he, the said defendant, did thereby and in the manner and by the means aforesaid involuntarily kill the said Wesley Grant Standard by shooting and inflicting upon him a fatal gunshot wound, which wound was a direct and proximate result of the lack of due caution and circumspection of the defendant, as aforesaid; contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon."

The defendant demurred to this indictment. The demurrer was sustained, and the state appeals.

It will be noted that the crime sought to be charged is the crime of involuntary manslaughter.

■■ As set forth in the indictment, the homicide was caused while the defendant was doing a lawful act. Therefore, if the act, the firing of the firearm, was in itself lawful, the crime was committed only if the lawful act was performed "without due caution or circumspection, * * *." ORS 163.040. It follows then, that to state the crime of involuntary manslaughter in the doing of a lawful act, the indictment must set forth in detail the acts or omissions of the defendant while in the performance of the lawful act, which were performed "without due caution or circumspection" and these allegations are plead as in civil actions for negligence. *State v. Miller,* 119 Or 409, 243 P 72.

The state contends that since the rules of pleading in civil negligence actions apply, it was necessary to set forth in particular the duties imposed by the law upon a person using firearms in a lawful manner.

The state relies in particular upon our statement in *Kennedy v. Hawkins,* 54 Or 164, 167, 102 P 733, an action to recover damages for negligence, as follows:

"* * * The complaint should allege what duty was imposed upon defendants towards plaintiff, or state facts from which the law will imply the duty, and then allege a breach or negligent performance of the duty. 14 Pl. & Pr. 331, 332."

■ The state seems to argue that the use of the disjunctive, "or" in this statement, will permit a direct allegation of the law as to duties, or in the alternative, an allegation of facts from which the law will infer the duty. In this belief, the state is in error.

■ It is quite true that actionable negligence arises only from breach of a legal duty (*Hansen v. Cohen et al,* 203 Or 157, 276 P2d 391, 278 P2d 898; *Slattery v. Drake et al,* 130 Or 693, 281 P 846) and in a civil action for damages a legal duty may arise because it is imposed by statute or by failure to use due care under the circumstances. *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 298 P2d 835, 304 P2d 448, 62 ALR2d 265.

The statement found in *Kennedy v. Hawkins,* supra, "what duty is imposed upon the defendants toward the plaintiff," while correct, unless understood and properly applied, is in its literal interpretation misleading. An examination of the cases relied upon for the statement found in 14 Encyclopaedia of Pleading and Practice, pages 331 and 332, discloses that the statement cannot be strictly interpreted.

The cases cited show that the facts alleged failed to disclose that a legal relationship existed between the plaintiff and the defendant that required the exercise of due care, an example being the case of one who

is injured by a defect existing upon the property of another. For example, if a person is a trespasser upon the lands of another there is only the duty to avoid wilfully and wantonly injuring the trespasser (*Hansen v. Cohen et al,* supra), whereas, in the case of an invitee, there is a duty to use the care of a reasonably prudent person to keep the premises in a reasonably safe condition. *Welter, Adm'x v. M. & M. Woodworking Co.,* 216 Or 266, 338 P2d 651; *Burch v. Peterson et ux,* 207 Or 232, 295 P2d 868.

■ Thus, where the law recognizes legal relationships imposing different degrees of care, or provides statutory requirements as to certain classes of persons (*United States v. Interstate Properties,* 153 F2d 469) it is necessary to allege the legal relationship to disclose that a duty or a special duty exists.

■ In the present matter before us, no special relationship existed between the defendant and the deceased. The defendant owed the same duties of due care to each member of the public that he did to the deceased. Under such circumstances it is necessary to allege only the facts of the occurrence and the law will imply the duty, if any exists.

■ The duty allegations set forth in the state's information are mere conclusions of law. A conclusion of law in a pleading is not issuable, it does not require a denial, nor does it aid the pleading. *Nadeau v. Power Plant Engr. Co.,* 216 Or 12, 337 P2d 313.

■ There is no question but that the state's specific allegations as to duty are mere conclusions of law, constitute bad pleading, and should not have been set forth in the information. The question then presented is whether or not the inclusion of these allegations is so prejudicial to the rights of the defendant that

they cannot be treated as mere surplusage. *State v. Dormitzer,* 123 Or 165, 261 P 426.

ORS 132.590 states:

"No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Under this section we have held that an indictment is not insufficient if it alleges the acts charged with such certainty that a defendant is not misled as to the nature of the offense with which he is charged. *State v. Cook,* 154 Or 62, 59 P2d 249; *State v. Frasier,* 94 Or 90, 180 P 521, 184 P 848.

We have not heretofore considered the effect of this statute with reference to allegations which may tend to prejudice substantial rights of the defendant. The reason for including in the statute a requirement that an indictment must not contain matters prejudicial to the substantial rights of the defendant is that there exists no provision in our law which will permit the striking of redundant and superfluous language. A defendant can only demur or plead. ORS 135.430.

As stated previously, the inclusion by the state of certain alleged duties is nothing more than a conclusion by the state that the law requires certain obligations of a person in the use of a loaded rifle while hunting. It is not the duty of the district attorney on behalf of the state to determine for the benefit of the jury, who will have the indictment with them in their deliberations, what those obligations are. That duty rests solely with the trial court. The court may,

in its judgment, disagree with the law advanced by the state.

 We are of the opinion that in a criminal case the right of a defendant to a fair and impartial trial may be infringed upon if the state is permitted to express its views of the law in an indictment.

The judgment of the trial court is affirmed.