Argued July 18, reversed and remanded for new trial October 2, reconsideration denied November 7, petition for review denied December 12, 1978, 284 Or 521

STATE OF OREGON, *Respondent,*

*v.*

RALPH EDWIN RAY, *Appellant.*

(No. 77-4954, CA 10312)

584 P2d 366

Michael V. Phillips, Eugene, argued the cause for appellant. With him on the brief were Hammons, Phillips & Jensen, Eugene.

F. Douglass Harcleroad, Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals his conviction of perjury (ORS 162.065). The relevant facts are set out in our opinion of today in *State v. Belva Marie Ray*(CA 10294), 36 Or App 367, 584 P2d 362 (1978). We agree with the defendant that the trial court abused its discretion in denying defendant's motion for mistrial based on a comment by the prosecuting attorney which revealed to the jury that a trier of fact in an earlier proceeding had found adversely to defendant on the same factual issues which were dispositive here.

The defendant was charged with making false sworn statements in a civil proceeding which had been brought by a woman (Amerson), who held a judgment against defendant, to set aside a satisfaction of the judgment on the gounds that her name allegedly had been forged to the satisfaction by an accomplice of defendant's. Defendant testified that he had paid the amount of the judgment to Amerson and that she, rather than his accomplice, had signed the satisfaction. Defendant was also indicted for forgery, and the two charges were consolidated for trial.

The prosecuting attorney, in his opening statement to the jury, explained what the issues had been in the proceeding to set aside the satisfaction, outlined the course of events leading to that proceeding, described the false testimony of the defendant in the proceeding, and pointed out to the jury that the proceeding had been tried to a court sitting without a jury. Later in the trial, during Amerson's testimony, the prosecuting attorney began a question with the words, "At any time prior to the satisfaction being set aside * * *." The defendant moved for a mistrial on the grounds that the prosecutor had disclosed to the jury that another finder of fact had ruled adversely to defendant on the same matters the jury was to determine in the present trial. The trial judge denied the motion after concluding that there was little likelihood of prejudice. The judge offered to instruct the jury to disregard the

[ 377 ]

prosecutor's comment, but acknowledged that such an instruction would probably be more prejudicial than the comment itself. The defendant did not request such an instruction.

The prosecutor's disclosure of the finding of the judge in the earlier civil proceeding was prejudicial, and we agree with the trial judge that a curative instruction would probably not have remedied the prejudicial impact. It was an abuse of discretion to deny the motion for mistrial. *See, State v. Flores,* 31 Or App 187, 570 P2d 94 (1977).

The jury, knowing the issues in the earlier proceeding from the prosecutor's opening statement, was then informed by the prosecutor's comment to the witness that the judge in that proceeding believed that the defendant had committed forgery and perjury, the same forgery and perjury for which he was standing trial before that jury.

Defendant makes three further assignments of error. First, he contends the testimony of an attorney was privileged and was erroneously admitted. We disagree. *See State v. Belva Marie Ray, supra.*

Second, defendant assigns error to the trial court's instruction on the materiality of certain allegedly perjured statements. ORS 162.055(2) provides:

> " 'Material' means that which could have affected the course or outcome of any proceeding or transaction. Whether a false statement is 'material' in a given factual situation is a question of law."

Defendant's theory is that only a false statement bearing on an ultimate fact to be found in a proceeding can be "material." Hence, he argues that the jury could properly have been instructed that defendant's direct statements that he paid Amerson and that she signed the satisfaction were material, but that various other testimony, such as where and how he got the substantial sum he claims to have paid her (in an arguably unlikely manner) is not material. The authorities do

not bear out defendant's theory. It is stated in 3 Wharton, Criminal Law and Procedure 676-77, § 1311:

> "Thus, a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, and if, furthermore, it is calculated and intended to bolster the testimony of a witness on some material point, or to support or attack the credibility of the witness, or if it is a link in a chain of circumstantial evidence, or supports a conclusion or opinion of the witness."

Defendant's final assignment of error relates to a procedural matter which is unlikely to recur on retrial.

Reversed and remanded for new trial.