Argued and submitted September 15,
affirmed as modified and remanded for
resentencing November 24, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# LINDA THAIN DARNELL,
*Appellant.*

# (No. C79-01-30037, CA 17348)

619 P2d 1321

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

■ ■     Defendant was convicted after trial to the court of two counts of perjury, ORS 162.065, for testimony she gave at a hearing on a petition to terminate the parental rights of defendant and her husband to their daughter. On appeal, she argues that the trial court erred in denying her motion to strike one count of the indictment, since the false statement alleged therein was not material.[1] She also contends that the trial court erred in failing to grant on its own motion a judgment of acquittal on the other count.

Insofar as pertinent to this appeal, the petition to terminate the parental rights of defendant and her husband alleged:

"A.   The circumstances and conditions of the above-named child are such as to endanger her welfare, and, in addition thereto,

"B.   Linda Thain Darnell and Samuel David Darnell (who is also known as Sandra Yvonne Vanek Palmer), the mother and putative father of Aira Linda Christ Darnell, the above-named child, are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change, to wit:

"I. Emotional illness, mental illness or mental deficiency 'of the parents, and each of them, of such duration as to render it impossible to care for the child for extended periods of time, to wit:
"* * * * *

"b. Samuel David Darnell is a very disturbed and psychologically conflicted individual with a sociopathic personality and an unconventional, unstable, and aggressive lifestyle. Since 1971, he has suffered from paranoid delusions that he is 'Jesus Christ.'"

---

[1] This motion was made prior to the introduction of evidence, and renewed at the close of the state's case in chief. We observe that a "motion to strike" was an inappropriate motion at either stage of the proceedings. *State v. Standard,* 232 Or 333, 339, 375 P2d 551 (1962). Further, the indictment was not demurrable on the basis of the lack of materiality of the statement alleged therein. The trial court's legal determination of materiality had to await the reception of some evidence, such as the petition in the prior proceeding. Nor was the indictment challenged as insufficient under ORS 135.737. Since, however, defendant at the close of the state's case in chief properly moved in the alternative for a judgment of acquittal, raising the same issues, we reach this assignment.

"* * * * *

"d. Both Samuel David Darnell and Linda Thain Darnell suffer from mental or emotional problems which prevent them from providing adequate or proper care for Aira Linda Christ Darnell, the above-named child.

"* * * * *

"II. * * * * *

"a. During the past several years, Samuel David Darnell, has been addicted to intoxicating liquor and narcotic or dangerous drugs, specifically, Codeine, marijuana THC and, as a result, suffers from drug induced agitation and confusion.

In defendant's first assignment of error, she argues that her testimony in the termination proceeding denying use of drugs in the previous four years, the subject of one count of perjury, was not material and, therefore, cannot support a conviction.[2]

ORS 162.065 provides:

"(1) A person commits the crime of perjury if he makes a false sworn statement in regard to a material issue, knowing it to be false."

"Material" is defined in ORS 162.055(2) as follows:

" 'Material' means that which could have affected the course or outcome of any proceeding or transaction. Whether a false statement is 'material' in a given factual situation is a question of law."

Defendant contends that testimony should be held to be "material" only when that testimony is directly or collaterally related to a substantive allegation in the pleadings, here, the petition to terminate parental rights.

The concept of materiality involves "the inclusion of certain questions or propositions within the range of allowable proof in the lawsuit." McCormick, Evidence § 185 at 434-35 (2d ed 1972). To determine the range of the issues

---

[2] After defendant answered several questions relating to her drug use, her attorney objected to that line of questioning, contending that the petition did not allege defendant's drug use as a ground for termination of her parental rights. The transcript does not contain the court's ruling on that objection. There was apparently a brief break in the proceeding, after which questioning was resumed on a different topic. No motion to strike the testimony on drug use appears in the record.

we turn initially to the pleadings, which are read in light of the rules of pleading and controlled by substantive law. McCormick, *supra,* at 434. The pleadings, however, are not the sole guide to materiality. Where the credibility of a witness is in dispute, certain evidence bearing on credibility may be material. Further, factual details that do not bear directly on the issues but merely supply background and add realism may be material. *Id.*

In *State v. Ray,* 36 Or App 375, 584 P2d 366, *rev den* (1978), we rejected the defendant's contention that only a false statement bearing on an ultimate fact to be found in a proceeding is "material." At page 379 we quoted with approval the following statement from 3 Wharton, Criminal Law and Procedure § 1311 at 676-77 (1957):

"Thus, a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, and if, furthermore, it is calculated and intended to bolster the testimony of a witness on some material point, or to support or attack the credibility of the witness, or if it is a link in a chain of circumstantial evidence, or supports a conclusion or opinion of the witness."

Our first task, then is to determine whether defendant's drug use was a proper matter of inquiry in the termination proceeding. An examination of the function of the petition in such proceedings is useful at this point.

Under ORS 419.484(2)(b):

"(2) The petition shall set forth in ordinary and concise language such of the following facts as are known * * *:
* * * * *
"(b) The facts which bring the child within the jurisdiction of the court as provided in subsection (1) of ORS 419.476."

As a matter of due process, in proceedings where parents' right to custody of a child is at stake, the parents must receive "timely notice * * * of the specific issues that they must meet." *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527, 550 (1967). The allegations of the petition must be "sufficiently clear and definite that a person of average intelligence would know what is intended." *State ex rel Juv. Dept. v. Hayworth,* 35 Or App 161, 164, 581 P2d 100 (1978). Thus, as with the pleadings in any other proceeding, the

role of the petition is not only to frame the issues, but to provide the parent notice of the allegations so that he or she may prepare to meet the issues. *Cf. State v. Jamison,* 251 Or 114, 116, 444 P2d 15, 444 P2d 1005 (1968) (dictum).

The termination petition here did not allege defendant's drug use as a ground for termination of her parental rights. Thus, her drug use was not an issue established by the petition or one on which defendant had notice.

Nevertheless, relying on ORS 419.523(2)(c), the state argues that the issue of defendant's drug use was material as a matter of law, even though it was not alleged in the petition as a ground for termination. ORS 419.523(2)(c) provides:

"(2) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. *In determining such conduct and conditions, the court shall consider but is not limited to the following:*

"* * * * *

"(c) Addictive use of intoxicating liquors or controlled substances." (Emphasis added.)

Through the italicized language, the state contends, the legislature has "preempted" the trial court's determination of what evidence is material in a termination proceeding, to the extent that under the statute certain evidence is *always* material. The state cites *State ex rel Juv. Dept. v. Hayworth, supra,* for the proposition that the petition must only allege the ultimate facts relied on. In that case we said, "No purpose is served by requiring slavish repetition of the statutory language in the petition." 35 Or App at 164. The petition here, the state notes, alleges the ultimate fact that the parents "are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change * * *." *See* ORS 419.523(2). Thus, the state argues, since the ultimate fact has been alleged, there was no need to allege defendant's

drug use in addition in order for evidence on that subject to be material.

This court did not go as far in *State ex rel Juv. Dept. v. Hayworth, supra,* as the state suggests. In determining that the termination petition in *Hayworth* was not fatally defective, we did note that the petition alleged the ultimate fact. We did not hold, however, that a petition merely stating the ultimate fact would withstand a challenge to its sufficiency. The petition in *Hayworth* not only alleged the ultimate fact but stated the mother's mental deficiency, *see* ORS 419.523(2)(a), as a condition seriously detrimental to the child.

■ The petition involved here shows the potential for confusion and abuse inherent in the rule suggested by the state. While the petition did not contain allegations of defendant's drug use, it affirmatively alleged that her husband had, during the last several years, "been addicted to intoxicating liquor and narcotic or dangerous drugs, specifically Codeine, marijuana, THC and, as a result, suffers from drug induced agitation and confusion." The import of the petition as drafted is that addictive use of drugs was to be an issue only as to defendant's husband. We decline to adopt a rule whereby parents could so easily be misled by petitions to terminate their parental rights. We reject the state's contention that under ORS 419.523(2)(c) a parent's drug use is material as a matter of law in termination proceedings, whether or not alleged in the petition as a ground for termination.

■ The state argues alternatively that evidence of drug use is material on the issue of a person's mental or emotional state. The petition in the termination proceeding did allege that the parents "suffer from mental or emotional problems which prevent them from providing adequate or proper care for" the child. Although this argument might be persuasive in some circumstances, we reject it here, where the state specifically alleged drug use as to one parent but not as to the other.

■ Nor can the testimony in question be said to supply background detail necessary to complete the factual picture and thus be material. The trial court ruled that defendant's

denial of drug use was material because that false testimony affected defendant's credibility and, therefore, "could have affected the course or outcome of [the] proceeding." ORS 162.055(2). Under this rationale, any false statement would be material as affecting credibility, no matter how remotely a true statement on the subject might bear on the issues in the case. The legislature, having distinguished the crimes of perjury and false swearing, ORS 162.075, on the basis of whether a statement is material, cannot have intended this result.

We conclude that defendant's denial in the termination proceeding of having used drugs in the previous four years was not material.

■ The trial court necessarily found that the testimony was false, and that defendant knew it to be false. There was evidence from which a trier of fact could have found those facts beyond a reasonable doubt. *See Jackson v. Virginia,* 443 US 307, 99 S CT 2781, 61 L Ed 2d 560 (1979); *State v. Harris,* 288 Or 703, 609 P2d 798 (1980). Therefore, we remand for resentencing on the lesser included crime of false swearing, ORS 162.075. *State v. Branch,* 244 Or 97, 415 P2d 766 (1966).

■ ■ In defendant's second assignment of error, she argues that the trial court erred in failing to grant on its own motion a judgment of acquittal on Count I of the indictment. It is rare that we will consider assignments of error not raised in the trial court. This is not a case justifying such consideration. There was ample evidence from which the trial court could have reasonably found defendant guilty of perjury on this count beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974); *see, also, Jackson v. Virginia, supra; State v. Harris, supra.*

Affirmed as modified and remanded for resentencing.